KATHERINE VAUGHN v. THE KANSAS CITY NORTH-WESTERN RAILROAD COMPANY.

No. 12,767. (70 Pac. 602.)

SYLLABUS BY THE COURT.

RAILROADS — *Action by Widow — Pleading and Practice.* In an action by a widow to recover damages for the death of her husband, who was, at the time of his decease, a resident of this state, the allegation of the petition that no personal representative of the estate of the deceased is or has been appointed is put in issue by an unverified denial; and if, on the trial, no proof of the fact be made, a demurrer to the plaintiff's evidence is rightfully sustained.

Error from Leavenworth district court; LOUIS A. MYERS, judge. Opinion filed November 8, 1902. Affirmed.

*F. P. Fitzwilliam*, and *C. R. Middleton*, for plaintiff in error.

*B. P. Waggener, James W. Orr*, and *W. P. Waggener*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff in error, Katherine Vaughn, commenced an action in the district court of Leavenworth county against the Kansas City Northwestern Railroad Company to recover damages for the death of Overton Vaughn. She alleged in her amended petition that she was the widow of the deceased; that he was at the time of his death a resident of Leavenworth county, and that no personal representative of his estate was or had been appointed. The answer of the defendant contained a denial of each and every statement, averment and allegation contained in the petition, and was not verified. Upon the trial of the action, no testimony whatever was offered in support of the allegation that no personal representative of the estate of Overton Vaughn had been appointed. The district court sustained a demurrer to plaintiff's evidence, and its action in this respect is the principal ground of error alleged in this court.

The plaintiff in error contends that sections 422 and 422*a* of the code of civil procedure (Gen. Stat. 1901, §§ 4871, 4872) are "statutes of authority," and that the averments of widowhood, residence in this state of the deceased and the non-appointment of a personal representative all combine to make such an allegation of authority as is admitted to be true, unless denied under oath according to the requirements of

section 108 of the code ( Gen. Stat. 1901, § 4542 ), which reads as follows :

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account, duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

This contention cannot be maintained.   The words "appointment" and "authority" have a peculiar and appropriate meaning which the law has affixed to them, and, as used in the statute relating to the verification of pleadings, refer to designations of persons and delegations of power in the accurate legal sense. They must, therefore, be construed according to such intent.   (Gen. Stat. 1901, § 7342.)

The vesting in the widow of a right to sue for and recover damages in her own name, which would not otherwise be recoverable, is not an "appointment" at all, and the synthesis of rights and interests which she thus possesses is very inadequately compassed by the strict term "authority."   Therefore, when it was said, in *City of Eureka v. Merrifield*, 53 Kan. 794, 37 Pac. 113, that the action is "maintainable only by the person who is, by the terms of the statute, authorized to maintain it," no more was stated than that the action is maintainable only by the precise person who is by the terms of the statute permitted to do so, and the meaning is clearly distinguishable from that conveyed in speaking of the authority of officers, agents and other classes of persons embraced in the statute relating to verifications.

Besides this, the circumstances of residence within

the state, and the non-appointment of a personal representative, are limitations upon the widow's right to sue at all, rather than constituent elements of her power. They condition, rather than create and invest. They restrict and do not authorize. The conditions referred to must, therefore, appear as substantive allegations in the petition. ( *City of Eureka v. Merrifield,* supra.) But the statement that no personal representative had been appointed was not an allegation of either appointment or authority. On the contrary, it was an averment of the non-existence of appointment and authority, and hence an unverified denial was sufficient to put it in issue. ( *A. T. & S. F. Rld. Co. v. Walz,* 40 Kan. 433, 19 Pac. 787 ; *Land Co. v. Burger,* 49 id. 233, 30 Pac. 476.) No proof of the truthfulness of that fact having been offered, the demurrer to the evidence was rightfully sustained. ( *Walker v. O'Connell,* 59 Kan. 306, 52 Pac. 894.)

A motion for a new trial because, among other things, of accident and surprise and newly-discovered evidence, supported by affidavits, was made and overruled, but none of the matters so presented related in any way to the radical defect in the plaintiff's evidence. It is not necessary, therefore, to review the action of the court in denying a new trial upon such grounds.

The judgment of the district court is affirmed.

All the Justices concurring.