FREDERICK COTTON OIL & MFG. CO. v. CLAY *et al.*

No. 4096. Opinion Filed April 20, 1915.

Rehearing Denied July 20, 1915.

(150 Pac. 451.)

1. **DEATH—Action for Widow—Petition—Domicile.** Under sections 5945, 5946, Comp. Laws 1909 (sections 5281, 5282; Rev. Laws 1910), where the widow sues to recover damages for herself and minor children for the wrongful act or omission of another, and fails to state in her petition that the deceased, at the time of his death, was a nonresident of the State of Oklahoma, or that he was a resident, and no personal representative had been appointed, it is error to overrule a demurrer alleging that the petition does not state facts sufficient to constitute a cause of action.

2. **TRIAL—Pleading — Evidence — Peremptory Instruction.** Under same sections, where the petition alleges that no administrator had been appointed and the plaintiff concludes her evidence without offering proof in support thereof, it is error to overrule a timely motion by the defendant for judgment on the pleading and evidence, and under same section, where the petition alleges no administrator had been appointed, and after conclusion of all the evidence, no proof is offered in support of the allegation, it is error to refuse a peremptory instruction for defendant.

(Syllabus by Watts, C.)

*Error from District Court, Tillman County;*

*Frank Mathews, Judge.*

Action by Mrs. S. C. Clay, as widow of T. O. Clay, deceased, and others against the Frederick Cotton Oil & Manufacturing Company, a corporation. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Shartel, Keaton & Wells* and *Wilson & Roe,* for plaintiff in error.

*Mounts & Davis* and *Henry M. Gray,* for defendants in error.

Opinion by WATTS, C. This action was commenced in the district court of Tillman county, January 17, 1911, by the defendants in error, who will hereinafter be termed plaintiffs, against thhe plaintiff in error, who will hereafter be termed defendant, by filing a petition, alleging substantially that Mrs. S. C. Clay was the widow of T. O. Clay, deceased, and that Dollie and Ruth were their minor children, and no administrator had been appointed for the estate of the deceased and no guardian for the children; that the defendant was a corporation under the laws of the State of Oklahoma, and was engaged in the manufacture of cotton oil in Frederick, Tillman county, Okla.; that on or about the 17th day of July, 1910, deceased was an employee of the defendant as a common laborer, and as such employee it was his duty to perform whatever labor might be in and around the cotton oil mill, and to perform all such labor under the direction and superintendence of the agents of the corporation; that on or about the 17th of July, 1910, and prior thereto, a telephone pole was located near the engine room of the company, and while in the discharge of his duties it became necessary for the deceased to pass near the telephone pole, and at the time above stated,

and while deceased was passing the pole, because of a sudden gust of wind the pole blew down and struck the deceased, instantly killing him; that the pole is the property of the defendant, for its use and benefit, and at the time the pole was placed by the defendant, it was in a decayed and defective condition and at all times dangerous, all of which was unknown to the deceased; that the falling of the pole was not the result of any careless or negligent act of the deceased, but was wholly unavoidable; that deceased was, at the time of his death, about 45 years of age, and was earning about $50 per month; that plaintiffs were the widow and minor children, all of whom were dependent upon the deceased for their maintenance and support; and praying for judgment in the sum of $10,000 and costs. On February 15, 1911, the defendant filed a demurrer to the petition, alleging: First, plaintiffs had no legal capacity to sue; second, defect of parties plaintiff; third, that two or more pretended causes of action were improperly joined, and, fourth, the petition fails to state facts sufficient to constitute a cause of action. This demurrer was heard and overruled on the 4th of April, 1911, and exception taken. On December 20, 1911, an amended answer was filed, denying the material allegations of the petition, except admitting the corporate existence of the company, and that deceased at, and long prior to, the date of his death was in its employ, and alleging that the death of deceased was not caused by any negligence of the company, or any of its employees, but only by the negligence of deceased, who knowingly, uselessly, and wantonly exposed himself to the risk and danger of the telephone pole, or some other object being blown down against him by a terrific and unprecedented wind and electric storm, which was raging at the time. On

the 2d day of January, 1912, an amended reply was filed, denying the general allegations of the amended answer, by way of defense, and specifically denying that the deceased was guilty of any contributory negligence, or that he knowingly, uselessly, and wantonly exposed himself to the telephone pole, or any other object that was blown against him, and denying that there was a terrific and unprecedented wind or electric storm, and that the death of deceased was caused by any electrical storm, or his death was the proximate result of same. The cause was tried to the court and jury on January 11, 1912, and before the introduction of any evidence, the defendant objected to the introduction of any evidence, for the reason that the petition was insufficient to state a cause of action, which objection was heard and overruled and exception allowed. After the introduction of plaintiffs' evidence, defendant interposed a demurrer thereto, alleging that the evidence was wholly insufficient to establish any cause of action in favor of plaintiffs and against defendant, which demurrer was heard and overruled, and exception allowed. The defendant then introduced its evidence, and after the conclusion of all the evidence defendant moved the court to instruct the jury:

"That under the pleadings and the evidence in this case, your verdict should be for the defendant"

—which was refused and exception taken. The court then gave general instructions, and the jury, after retiring, returned a verdict in favor of plaintiffs in the sum of $5,000, upon which verdict the court entered judgment. And within time defendant filed a motion for a new trial, among other things alleging the verdict was not sustained by sufficient evidence, and is contrary to the law, errors of law occurring at the trial and ex-

cepted to, error of the court in overruling defendant's demurrer to the evidence of the plaintiffs, error of the court in overruling the objection of the defendant to the admission of any evidence in the cause for the reason that the petition does not state a cause of action in favor of the plaintiffs, and error of the court in refusing the peremptory instruction requested by the defendant, which motion was overruled and exception taken. The defendant assigns, among others, the following as error of the trial court: The overruling of the motion of defendant for a new trial; in overruling the demurrer of defendant to the petition of plaintiffs; in overruling the demurrer of the defendant to the evidence of the plaintiffs; in refusing to instruct the jury that under the pleadings and evidence in the case the verdict should be for the defendant.

Sections 5945, 5946, Comp. Laws 1909 (sections 5281, 5282, Rev. Laws 1910), read as follows:

"Sec. 5945. Action for Death—Limitation, etc.—When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. (St. 1893, section 4313.)

"Sec. 5946. Damages.—That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 5945 of this article, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no

personal representative is or has been appointed, the action provided in said section 5945 may be brought by the widow, or where there is no widow, by the next of kin of such deceased.    (St. 1893, section 4314.)

The petition is silent as to the residence of the deceased, neither was there any evidence of such, and while there is an allegation that no administrator had been appointed, the evidence thereon is wholly lacking. The statute under which this action was brought comes verbatim from the State of Kansas, and the Supreme Court of that state has construed same, the leading case being *City of Eureka v. Merrifield et ux.*, 53 Kan. 794, 37 Pac. 115, which is followed in *Walker et al. v. O'Connell,* 59 Kan. 306, 52 Pac. 894; *Atchison Water Co. v. Price et ux.,* 59 Pac. 677, and *Bastine v. A., T. & S. F. Ry. Co.,* 71 Kan. 854, 80 Pac. 1133.

In the *City of Eureka v. Merrifield, supra,* the court said:

"Before the next of kin of a deceased, whose death is caused by the wrongful act or omission of another, can maintain an action for damages in the place of the personal representative of the deceased, the petition must allege that the deceased, at the time of his death, was a nonresident of this state, or, if a resident of this state, that no personal representative of his estate has been appointed.    'In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action.'    *    *    *    To justify L. A. and Mary E. Merrifield, as the next of kin of the deceased, to maintain this action, the petition must have alleged that the deceased was a nonresident of the state at the time of his death, or that, since his death, no administrator has been appointed for his estate.    All of this is omitted from the petition.    These conditions at-

tach to the right to bring this action at all, by the next of kin. The demurrer was well taken. It should have been sustained."

In *Walker et al. v. O'Connell, supra,* a case very much like the one at bar, in speaking of the necessity of not only alleging but of proving the necessary allegations in a petition the court used the following language:

"We cannot conjecture whether an administrator of the estate of John O'Connell had been in fact appointed, and we have no way of ascertaining the fact, except by the record before us; and that was silent upon the question. * * * We cannot assume that their contention is a technical and vexatious insistence upon a mere matter of form readily ascertainable against them. As shown in *City of Eureka v. Merrifield, supra,* it is a matter of substance, and not of form, and what the fact may be is impossible for us to know."

Again, in *Atchison Water Co. v. Price et ux., supra:*

"It is admitted that, notwithstanding the allegation in the petition, there was no proof offered by the plaintiffs to establish the fact that a personal representative had not been appointed. * * * The necessity of proof of this fact in order to entitle the plaintiffs to maintain their suit at all is not an open question. The Supreme Court held, in *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113, that a petition which failed to allege the fact failed to state a cause of action, and, if it is necessary to allege it, it is necessary likewise to prove it."

In *Bastine v. Atchison, T. & S. F. Ry. Co., supra,* the court said:

"Under the provisions of sections 422 and 422a of the Code of Civil Procedure (Gen. St. 1901, secs. 4871, 4872), on the trial of an action for damages by a woman who has alleged in her petition that she is the widow of a deceased whose death was caused by the wrongful act or omission of the defendant, that the only other sur-

viving heir of the deceased is a minor daughter, and that no executor, administrator, or other personal representative of said deceased has ever been appointed, it is incumbent upon the plaintiff, the defendant having denied these allegations, to prove each one of these essential facts.   *   *   *"

And further saying:

"In this case the plaintiff offered quite voluminous evidence as to the cause and circumstances of the death of the deceased, but no evidence whatever of any of the foregoing essential facts, and rested her case. The defendant filed a demurrer to the evidence of plaintiff, and after argument the court sustained such demurrer. No application to reopen the case being made, judgment was rendered against plaintiff for costs. The judgment is affirmed."

In *Missouri, K. & T. Ry. Co. v. Lenahan*, 39 Okla. 283, 135 Pac. 385, was construed the federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, c. 149 (U. S. Comp. St. Supp. 1913, secs. 8657-8665), which provides that an action must be brought by the personal representative for the benefit of the surviving widow and children, if any, that being an action for damages by the widow of the deceased (no children), originating in the district court of Muskogee county, Okla. The deceased lived at the time of his death in the State of Kansas, which was alleged in the petition. The defendant answered by way of general denial, and also alleged that it was engaged in interstate traffic, and at the time of the death of deceased he was employed as an engineer on an interstate train. The defendant filed motion for judgment on the pleadings, no particular reason being given, which was overruled, and also objected to the introduction of any evidence for the reason that the

petition did not state facts sufficient to constitute a cause of action, which was overruled. At the close of the evidence the defendant moved the court for peremptory instruction, which was denied, and exception was taken to the several actions of the court. The trial resulted in a verdict for the plaintiff, and the motion for a new trial was overruled. Sharp, C., in passing upon the question, used the following language:

"The first question necessary for determination is that of the right' of the plaintiff, in her own right, to sue. She and her husband, James Lenahan, resided prior to his death at Parsons, Kan. Hence, under sections 5945 and 5946, Comp. Laws 1909, if at the time in force and controlling, the action was one that could properly be brought by the plaintiff in her individual capacity. * * * As we have seen, this is a case, brought and maintained by the surviving widow alone, while the federal statute requires that such actions, where at the time of the injury the parties were engaged in interstate commerce, should be brought by the personal representative of the deceased employee, for the benefit of the surviving widow. The allegations of the answer, charging that the deceased and the defendant company were, at the time of the injury, engaged in interstate commerce, stand undenied. These allegations were supported by the evidence, and we do not understand there is any controversy as to the facts governing this aspect of the case. * * * It is insisted by defendant in error that, under the provisions of sections 5629, 5630, 5631, Comp. Laws 1909, defendant not having demurred or answered, setting up its objection to the action being prosecuted by the surviving widow in her own right, the same has been waived. We do not think so. The question is that the federal Employers' Liability Act does not give to the widow of the deceased, as such, any right of action whatever for the death of the deceased, but gives that right of action solely to the personal representative of the deceased, and therefore, when in a suit by the widow the

facts are shown to be such that the act of Congress applies, such suit cannot be maintained by her because she has, in her own right, no cause of action.   *   *   * The objection, therefore, was urged at the first opportunity, by filing a motion for judgment on the pleadings.   This is a common and permissible practice in this state and in the State of Kansas, from which our Code of Civil Procedure was taken.   *   *   *   In addition to the motion filed by the defendant for judgment on the pleadings, objection was made to the introduction of testimony, and at the conclusion of the plaintiff's case defendant interposed a demurrer to the evidence, on the ground that the same was not sufficient in law to support a cause of action in favor of the plaintiff and against the defendant.   At the conclusion of the trial defendant also moved for a peremptory instruction, directing a verdict in its favor.   *   *   * We conclude that it was reversible error to overrule defendant's request for a peremptory instruction.   The plaintiff had failed to bring herself within the condition prescribed in the statute, and, having no right to maintain the action at common law, or aside from the statute, she failed to show a personal right of recovery. The case is not one of defect of parties, or want of legal capacity to sue; it is purely a want of a cause of action in the plaintiff; and, regardless of what might have been alleged in the pleadings or proven by the testimony, the action not having been brought in the name of the personal representative, plaintiff was not entitled to judgment."

While the case from which we have just quoted is not altogether in point, however, we think it is closely akin, and we refer to it as an able discussion on the principle involved in the case at bar.

This action not having been known to common law, but being purely statutory, and the Legislature having prescribed certain prerequisites before the surviving

widow can maintain an action, she was compelled to not only allege, but prove, the essentials, to wit: First, that deceased, at the time of his death, was a nonresident of the state; or, that he was a resident and no personal representative had been appointed.

The language and the meaning of the statute seem clear, without ambiguity, and it is mandatory on those who seek its enforcement in the courts of this state. As was said by Rosser, C., in *Shawnee Gas & Electric Co. et al. v. Motsenbocker,* 41 Okla. 454, 138 Pac. 891:

"As the right to sue for wrongful death is the creature of the statute, it can only be exercised by those persons whom the statute authorizes. *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Barker v. Hannibal & St. J. R. Co.,* 91 Mo. 86, 14 S. W. 280; *Coover v. Moore,* 31 Mo. 574; *Clark v. K. C., St. L. & C. R. Co.,* 219 Mo. 524; 118 S. W. 40; *Harshman v. N. P. R. Co.,* 14 N. D. 69, 103 N. W. 412; *Salmon v. Rathjens,* 152 Cal. 290, 92 Pac. 733."

In *Big Jack Mining Co. v. Parkinson,* 41 Okla. 125, 137 Pac. 681, Galbraith, C., gives the essentials of the petition in a case like the one at bar. It is as follows:

"The petition alleged the wrongful death of the husband by the negligence of the defendant, and that there has been no administration on his estate, and that he was a resident of Ottawa county, Okla., at the time of his death, and that the plaintiff was his surviving widow, and also set out the names of his minor children, clearly bringing the right of the plaintiff to maintain the action within the provisions of section 5281, Rev. Laws 1910."

The case of *Bartlett v. Chicago, R. I. & P. Ry. Co.,* 21 Okla. 415, 96 Pac. 468, in principle sustains the conclusions we have reached herein.

We therefore conclude that the plaintiffs' petition did not state a cause of action, and because of failure to allege and prove that the deceased was a nonresident of the state at the time of his death, or, being a resident, no personal representative had been appointed, the lower court should, in the first instance, have sustained the demurrer to plaintiffs' petition, or sustained the demurrer to plaintiffs' evidence, or, after the conclusion of all the evidence, sustained defendant's peremptory instruction, and in his failing to do so committed error.

A great deal has been said about the widow, Mrs. S. C. Clay, joining as plaintiffs the minor children, Dollie and Ruth. We do not think this was error, even over the objection made by the defendant. Upon proper motion, the court, no doubt, would have eliminated them. While the children were not necessary parties, they were interested in the case at any rate, and we do not think a demurrer was the proper way to reach the point desired. *Jones v. K. C., F. S. & M. R. R. Co.*, 178 Mo. 528, 77 S. W. 890, 101 Am. St. Rep. 434.

We therefore recommend, for the reasons herein set forth, that the case be reversed and remanded to the district court to proceed in conformity with our conclusions.

By the Court: It is so ordered.