CHICAGO, R. I. & P. RY. CO. v. BROOKS *et al.*

No. 4818. Opinion Filed December 21, 1915.

On Motion for Rehearing, April 11, 1916.

(156 Pac. 362.)

1. **DEATH—Actions for Causing Death—Conditions Precedent—Nonappointment of Personal Representative.** Where a man, a resident of this state, is killed in this state by the wrongful act of another, under the provision of section 5946, Comp. Laws 1909, that being section 5282, Rev. Laws, 1910, the fact that no personal representative of the deceased has been appointed in this state is a condition precedent to the right of his widow to bring an action for damages against the party whose wrongful act occasioned the death.

2. **SAME—Issues and Proof.** In an action in this state brought by a widow for the recovery of damages for herself and minor child caused by the wrongful act of another in this state which resulted in the death of her husband, where the petition alleges that no personal representative of the deceased husband has been appointed, and there is no proof at the trial of the action tending to support such allegation, it is reversible error for the trial court to refuse to direct peremptorily a verdict for the defendant on a timely motion therefor being made.

ON MOTION FOR REHEARING.

3. **PARTIES—Actions for Death—Objections.** Where a widow sues in this state to recover damages for herself and minor child for the death of the husband and father, caused by an alleged wrong-

fut act of the defendant committed in this state, and alleges in her petition that there has been no personal representative of her deceased husband appointed, such allegation goes only to her capacity to sue, and not to the merits of the case, and, if there has, in fact, been a personal representative of the deceased husband appointed, by whom the action should have been commenced, the wife's incapacity to sue, being a purely technical defense, must be taken advantage of by demurrer or answer, or the defect will be considered as having been waived. If, however, the widow, in order to establish her capacity to maintain the suit, alleges that there has not been a personal representative of her deceased husband appointed, and an issue as to the truth of that allegation is properly raised by the answer, she must establish the truth of such allegation before she will be entitled to recover.

4. **TRIAL—Verdict—Codefendants.** Where a railroad company is joined as a codefendant, on the theory of *respondeat superior*, with one of its employees in an action to recover damages for the death of one whose death is alleged to have been caused by a wrongful act of such employee, a verdict rendered on the trial of the case in favor of the employee and against the plaintiff on the issue of the alleged wrongful act of the employee is equivalent to a finding in favor of the railroad on that issue, and a verdict against the railroad on that issue will not be permitted to stand.

5. **APPEAL AND ERROR—Review—Presumptions.** This court will not on appeal presume a verdict of a jury to have been based on evidence offered only for the purpose of establishing an issue in the case which had been withdrawn from its consideration by the trial court.

(Syllabus by Wilson, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Florence M. Brooks against the Chicago, Rock Island & Pacific Railway Company and others. Judgment for plaintiff against the defendant Railway Company, and it brings error. Reversed and remanded for new trial.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and *Harris & Nowlin,* for plaintiff in error.

*Carlisle & Edwards,* for defendant in error Brooks.

Opinion by WILSON, C.   The defendant in error Florence M. Brooks, as plaintiff, sued the plaintiff in error and others in the superior court of Oklahoma county to recover damages for the death of her husband, Roy Brooks, who she alleged was killed at Elk City, Okla., through the negligence of the defendants.   Among the other. allegations of her petition the plaintiff alleged that Roy Brooks at the time of his death was a citizen of the State of Oklahoma, and that he left surviving him the plaintiff and one child.   At the trial of the case and after all the evidence had been offered, and after both parties had rested, the defendant railway company moved the court to direct a verdict for the railway company and against the plaintiff for the alleged reason that the evidence failed to establish a cause of action against said defendant and in favor of the plaintiff.   This motion was overruled, and the ruling of the court thereon excepted to by the defendant.   The court then gave general instructions to the jury, which, after retiring, returned a verdict for the plaintiff and against the defendant railway company, upon which judgment was rendered.   Within due time thereafter the railway company filed a motion for a new trial, alleging, among other things, as grounds therefor, that the verdict was not sustained by sufficient evidence, and that the court erred in refusing to direct a verdict in favor of the defendant company.   The motion for a new trial was overruled and exceptions to the ruling taken and allowed, and the case was brought here on appeal by the railway company; it assigning as error the facts that the court entered judgment against the defendant company, and that it denied the defendant company a new trial.   Plaintiff's petition alleged that no personal representative had been appointed to administer the estate

of Roy Brooks, and at the trial of the case there was a total failure of proof of that alleged fact.

Sections 5945 and 5946, Comp. Laws 1909, they being sections 5281 and 5282, Rev. Laws 1910, provide:

"5945. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years.

"5946. That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 5945 of this article, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in * * * section 5945 may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The right to recover damages for a death caused by the wrongful act or omission of another is a purely statutory right, the benefit of which can be claimed only by the person to whom the statute creating the right gives it, and only under the conditions provided by the statute. The statute of the state in force at the time of the death of Roy Brooks and at the time of the commencement of this action, being the statute by virtue of which the plaintiff claims her right to recover damages for the death of her husband, provides primarily that such a right can be invoked by the personal representative of the person killed, and, if there is a personal representative of the deceased person in the state at the time of the commencement of an action, such personal representative, and no

other person, can maintain the action. If, however, there is no personal representative at the time the action is commenced, then, if there be a widow, she has the right to maintain the action, but, her right to maintain such an action being by the statute postponed to the right to do so of any personal representative there may be, and being conditioned on the fact that there is no personal representative, the fact of the nonexistence of a personal representative of the deceased person becomes a condition precedent to the right of the widow to commence the action, and must be alleged and proved by her. The fact that there is not a personal representative is a condition which enters into and becomes a part of the very existence of the widow's right to sue. If there is a personal representative of the deceased, the widow has no right of action.

The statute which is controlling in this case was taken by Oklahoma from the statutes of Kansas, and the question under discussion seems to have been finally settled, both in Kansas and by the Supreme Court of our own state, in a very clear and decisive opinion by Watts, C., in the case of *Frederick Cotton Oil & Mfg. Co. v. Clay,* 50 Okla. 123, 150 Pac. 451, in which the Kansas cases are collated.

The plaintiff having alleged in her petition that no personal representative of the estate of Roy Brooks had been appointed, and having offered no proof at the trial of the case in support of that allegation, the court committed error by its action in refusing to direct a verdict for the defendant, the Chicago, Rock Island & Pacific Railway Company; for, so far as the proof in the case is concerned, there may have been a personal representative of the estate of Roy Brooks at the time the case was commenced, and in that event the plaintiff would not have had a cause

of action, and for that reason the judgment should be reversed, and the cause sent to the district court of Oklahoma county for a new trial, the superior court of that county having been abolished by an act of the Legislature, and it is so **recommended.**

## ON MOTION FOR REHEARING.

Upon consideration of defendant in error's motion for a rehearing we are inclined to adhere to the opinion formerly prepared by this division of the commission, and in adhering to the former opinion we rely on the authority of *Frederick Cotton Oil & Mfg. Co. v. Clay,* 50 Okla. 123, 150 Pac. 451. See, also, *Shawnee Gas & Electric Co. v. Motesenbocker,* 41 Okla. 454, 138 Pac. 790.

It is true, as urged by counsel for plaintiff in their brief on the motion, that their failure to prove the non-appointment of an administrator was a failure to prove one of the allegations of the petition which went only to plaintiff's capacity to sue, and not to the substantive right to recover, and it is likewise true that a plaintiff's incapacity to sue must be taken advantage of by the defendant at the first opportunity to do so if he intends to rely on that fact as a defense, or such defense will be considered as having been waived, because it is purely a technical one, and not necessarily one going to the merits of the action. Rev. Laws 1910, sec. 4742; *Howell v. Iola Portland Cement Co.,* 86 Kan. 450, 121 Pac. 346. If in a statutory action to recover damages for a death caused by the negligence or the wrongful act of another it is not made to appear on the face of the petition that the plaintiff is one who has the statutory capacity to sue, such defect must be taken advantage of by demurrer; but if, as in the instant case, facts are alleged which show that the plaintiff

has the capacity to sue, then her incapacity, if any, must be taken advantage of by answer, or it, being a purely technical defense, will be considered as having been waived, and a failure to prove such allegation will not be fatal to plaintiff's case. If the incapacity of the plaintiff to sue is taken advantage of by answer, the facts tending to establish her capacity, being proper and necessary allegations, must be proved, and a failure to prove such facts would be a failure to prove an essential allegation of the petition, and her case would fail for want of sufficient proof. *Frederick Cotton Oil & Mfg. Co. v. Clay, supra,* and cases therein cited.

In the instant case the plaintiff in her first cause of action positively alleged the non-appointment of an administrator of the estate of her deceased husband, thereby qualifying herself to bring the action. Defendant by its answer denied that fact, thereby raising an issue which required the affirmative to be established by proof. On the trial of the case the plaintiff failed to prove that there had not been an administrator appointed, and at the close of the trial defendant moved for an instructed verdict, which motion was overruled. This was error. *Frederick Cotton Oil & Mfg. Co. v. Clay, supra.*

Counsel for defendant in error further contend that their petition contained a second cause of action, fully set out, which did not contain an allegation of the nonappointment of an administrator, and that the plaintiff in error, not having demurred to that cause on that ground, had waived the defect in the pleading. The contention is correct. Plaintiff's second cause of action, her capacity to sue not having been shown, was defective on its face, but the defect being one which related only to the plaintiff's

capacity to sue, and not to the real merits of her cause of action, defendant's failure to demur waived that defect. *Motesenbocker v. Shawnee Gas & Electric Co.*, 49 Okla. 304, 152 Pac. 82.

The defect in plaintiff's second cause of action having been waived by the defendant, another question for our consideration would have been presented had the allegations of negligence or wrongdoing therein set forth been sustained by the evidence or established by the verdict.

The plaintiff's second cause of action contained only two allegations of negligence or wrongdoing which, if true, would sustain her right to recover in this action:

First. It was alleged that R. P. Howard was the conductor of the train which caused the death of plaintiff's husband, and that he negligently and carelessly started the train without having given plaintiff's husband, who had entered one of the cars to assist plaintiff, time to leave.

Second. It was alleged that in attempting to leave the train after it had started to move plaintiff's husband was "pushed and shoved" from the moving train by George Young, one of defendant company's brakemen, thereby causing him to be thrown under the wheels of the moving train and killed.

Both Howard and Young were joined with the railroad company as defendants. Upon the cause being submitted to the jury a verdict was returned for Young and against the plaintiff, thereby finding that Young was not guilty of "pushing" or "shoving" plaintiff's husband off the moving train, and the effect of such verdict was equivalent to a finding for the railroad company on that issue of the case, the company only being liable, if at all,

under the rule of *respondeat superior*. *C., R. I. & P. Ry. Co. v. Austin,* 43 Okla. 698, 144 Pac. 1069; *St. L. & S. F. R. Co. v. Williams,* 55 Okla. 682, 155 Pac. 249; *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 56 L. R. A. 649.

At the close of plaintiff's case the defendant Howard demurred to the evidence, and the demurrer was sustained, thereby taking from the consideration of the jury the issue raised by the second cause of action as to Howard's negligence in causing the train to be started before the deceased had time to alight therefrom, and the jury's verdict could not therefore have been based on that allegation.

Both causes of action seem to have been submitted to the jury, but the first cause failed, as we have seen, by reason of the failure of the plaintiff to sustain her allegation that no administrator of her husband's estate had been appointed. The issue of Howard's negligence, as set forth in the second cause of action, was taken from the jury by the action of the court in sustaining Howard's demurrer to the evidence, and the issue of Young's wrongful act was submitted to the jury, and a verdict returned adverse to the plaintiff as to that allegation.

Not being able to find from a consideration of defendant in error's motion for a rehearing and the brief submitted in support thereof that anything in the record or in the law of the case was overlooked in the preparation of the first opinion of the court that would justify that opinion being overruled, we recommend that the motion for a rehearing be denied.

By the Court: It is so ordered.