SANDERS et al. v. CHICAGO, R. I. & P. RY. CO.

No. 8110—Opinion Filed Dec. 4, 1917.

(169 Pac. 891.)

1. Death — Action for Wrongful Death—Parties Plaintiff—Statute.

Under sections 5281 and 5282, Revised Laws 1910, an action for damages for wrongful death may be brought by the widow or by the next of kin where there is no personal representative, and in such action it is necessary to plead and prove

that no personal representative is or has been appointed.

2. Same—Nonadministration—Demurrer.

Where the evidence in such an action fails to establish that no personal representative is or has been appointed, a demurrer thereto was properly sustained.

(Syllabus by Hooker, C.)

Error from District Court, Caddo County; Will Linn, Judge.

Suit by Ida Sanders and others against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Riddle & Hammerly, for plaintiffs in error.

C. O. Blake, W. H. Moore, R. J. Roberts, K. W. Shartel, and Dyke Ballinger, for defendant in error.

Opinion by HOOKER, C. This suit was brought to recover damages for the wrongful death alleged to have been caused by the negligence of the defendant in error. The petition on which the cause was tried contained the allegation of nonadministration, which was necessary in order to confer upon the plaintiffs in error, as the widow and daughter of the deceased, the right to maintain this action as defined by sections 5281 and 5282, Revised Laws 1910. The plaintiffs in error, in the trial below, failed to prove nonadministration as alleged in their petition. Proof of this allegation was necessary, and upon their failure to establish the same by the evidence, one of the essential elements necessary to be proved was lacking, and the trial court properly sustained a demurrer to the evidence for that reason, as the demurrer filed by the defendant in error specifically alleged that the plaintiffs in error failed to prove nonadministration as alleged in the petition. The following authorities support the doctrine as announced: Frederick Cotton Oil Co. v. Clay, 50 Okla. 123, 150 Pac. 451; C., R. I. & P. R. Co. v. Brooks, 57 Okla. 163 156 Pac. 362; Shawnee G. & E. Co. v. Motsenbacker, 41 Okla. 454, 138 Pac. 790; Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 681; Bartlett v. C., R. I. & P. R. Co., 21 Okla. 415, 96 Pac. 468; Missouri, K. & T. R. Co. v. Lenahan, 39 Okla. 283, 135 Pac. 383; City of Eureka v. Merrifield, 53 Kan. 794, 37 Pac. 115; Walker v. O'Connell, 59 Kan. 306, 52 Pac. 894.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.