**WHITEHEAD COAL & MINING CO. v. WINTON.**

No. 12884—Opinion Filed Oct. 14, 1924.

Rehearing Denied Nov. 12, 1924.

(Syllabus.)

**Death—Action by Mother for Wrongful Death—Mortality Table as Evidence of Mother's Life Expectancy.**

In an action brought by a plaintiff as the mother and next of kin of a deceased son and against a defendant, alleging that the deceased came to his death through the wrongful act of the defendant and that she was thereby deprived of support which she would have received during her natural life from her son had he lived, and seeking damages on said account, the mortality table showing the expectancy of the life of the mother is competent evidence to establish that fact, as such fact is material and proper for the consideration of the jury in the case.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action by Mary Winton against the Whitehead Coal & Mining Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Hummer & Foster and R. E. Simpson, for plaintiff in error.

W. W. Witten and Cravens & Cravens, for defendant in error.

LYDICK, J. Mary Winton, as the mother and next of kin of Gilbert Groschner, deceased. brought this action in the district

court of Okmulgee county against the Whitehead Coal & Mining Company, a corporation, for damages which she alleged she had sustained by reason of the death of said Gilbert Groschner through the alleged wrongful act of said company. In a trial to the court and a jury she recovered judgment, and the company has appealed to this court. We will refer to the parties according to the position they occupied in the lower court.

In the trial the plaintiff, over the objections and exceptions of the defendant, introduced in evidence the mortality table showing the expectancy of life of the plaintiff herself. The defendant assigns this as error. In the case of Missouri, O. & G. Ry. Co. v. Lee et al., 73 Okla. 165, 175 Pac. 367, where the opinion of the court was written by one of its Commissioners, the introduction of this evidence was held to constitute reversible error. The only authority cited in that opinion, and the only one which we have been able to find, is a decision of the Supreme Court of Pennsylvania in the case of Emery v. Philadelphia, 208 Pa. 492, 57 Atl. 977. There the court recites that it has found no precedent for its decision. In this case the plaintiff seeks to recover on the theory that her deceased son, if he had lived, would have contributed to her support during the remainder of her natural life. The theory is a proper one. The probable duration of her life is, therefore, material for consideration by the jury in determining the amount of money which the deceased would likely have contributed to her support had he lived. The mortality table is generally recognized as competent evidence to prove such fact. The fact is material, and, therefore, we think the evidence is competent. We do not agree with the reasoning as set out in this isolated decision of the Pennsylvania court upon which the opinion of this court, written by the Commissioner as aforesaid, was based. We, therefore, hold that the mortality table was competent evidence, proper to be introduced by either party, and the court did not err in receiving same. The opinion of this court in the case of Missouri, O. & G. Ry. Co. v. Lee et al., supra, is overruled.

The plaintiff's right to maintain this action is based upon section 825, Comp. Stat. 1921, and it was necesary for her to allege and prove that no personal representative had appointed of the estate of her deceased son. She did so allege, but the general denial contained in the defendant's answer controverted this allegation. She failed to establish the fact by evidence.

We do not think the facts bring this case within the rule announced in section 9 of the syllabus of the opinion of this court in the case of Curtis & Gartside v. Pigg, 39 Okla. 32, 134 Pac. 1125, and the judgment of the lower court is, therefore, reversed and the cause remanded for new trial.

McNEILL, C. J., and BRANSON, WARREN, and GORDON, JJ., concur.