### WHITE v. McGEE et al.

No. 20138.   Opinion Filed May 24, 1932.

Charles H. Ruth and Charles G. Morris, for plaintiff in error.

William H. Zwick and J. S. Ross, for defendants in error.

McNEILL, J. This is an appeal from a judgment rendered in the district court of Oklahoma county. The trial court at the close of the evidence sustained demurrers interposed by the defendants, Reece E. McGee, and, for brevity, the Marland Companies, to the evidence of the plaintiff, Elizabeth Mae White, by Floyd C. Wentworth, her father and next friend. The action was filed by plaintiff, as the surviving widow of James Leo White, deceased, to recover damages for the wrongful death of her deceased husband, due to the negligence and carelessness of said defendants.

The petition alleged that plaintiff was of the age of 16 years; that no administrator had been appointed on the estate of said decedent, and that said estate had not been administered; that said decedent at the time of his death was about 17 years of age; that said defendants were constructing or laying a pipe line for the purpose of conveying water to a certain lease in Osage county; that said decedent was in the employ of said defendants, as a common laborer to drive an auto, move tools and other supplies along the line of work; that the defendants ordered and directed said decedent to do blasting and shooting of dynamite; that decedent was inexperienced in the use of dynamite; that no proper instructions or warning had been given to him by said defendants or their superintendent in charge of work as to the proper and safe manner of handling dynamite, which decedent was required and ordered to perform; that while so employed an explosion occurred resulting in his death, due to the negligence and carelessness of said defendants.

The defendant McGee filed an answer alleging that the death of said decedent was due to his own negligence; that he was a person of experience in this character of work and had the appearance of being much older than 17 years of age. The Marland Companies, in their answer, admitted the laying of the pipe line, but alleged that the defendant McGee was an independent contractor and that the death of said decedent was caused by his own negligence.

Plaintiff insists that the trial court committed errors of law in sustaining the demurrers of the defendants Marland Companies upon the ground that Reece E. McGee was an independent contractor, and also erred in sustaining the demurrer of defendant McGee upon the ground that no negligence had been proved. On the other hand, the defendants urge that there was a failure of proof on the question that no administrator had been appointed upon the estate of said decedent; that the evidence conclusively establishes that the defendant McGee was an independent contractor of the Marland Companies; that plaintiff wholly failed to establish the allegations of her petition with reference to any acts of negligence committed by any of the defendants.

An action to recover damages for wrongful death caused by the negligence of another is purely statutory. Section 824, C. O.

S. 1921, as amended by Laws of 1925, p. 177, c. 125, and section 825, C. O. S. 1921. It appears that there is a total absence of any proof submitted in support of the allegations that no administrator had been appointed and of the nonadministration of said estate. Such allegations were in issue, and, if it was necessary to allege the same, it was necessary likewise to submit proof in support thereof, before a recovery could be had. Upon the failure of such proof a demurrer to the evidence of the plaintiff should have been sustained. See City of Eureka v. Merrifield et ux., 53 Kan. 794, 37 P. 113; Walker v. O'Connell, 59 Kan. 306, 52 P. 894; Atchison Water Co. v. Price (Kan. App.) 59 P. 677; Bastine v. A., T. & S. F. Ry. Co., 71 Kan. 854, 80 P. 1133; Frederick Cotton Oil' & Mfg. Co. v. Clay, 50 Okla. 123, 150 P. 451; O., R. I. & P. Ry. Co. v. Brooks, 57 Okla. 163, 156 P. 362; and Vaughn v. Kansas City N. W. R. Co. (Kan.) 70 P. 602.

It was incumbent upon the plaintiff to make such proof. However, counsel for defendants are not relying upon this technical error, but insist that there is no dispute as to the evidence that the defendant McGee was an independent contractor, and that no primary negligence was proved against said defendants. This court has many times defined the term "an independent contractor." In the case of Tankersley v. Webster, 116 Okla. 208, 243 P. 745, this court said:

"An independent contractor is one who exercises an independent employment, contracts to do a piece of work according to his own method, and without being subject to the control of his employer, except as to the result of the work."

Where the question is presented as to whether one of the parties to a contract of employment is an independent contractor, and there is no conflicting evidence and the same is reasonably susceptible of but a single inference, it is the duty of the court to construe the contract and determine as a matter of law whether the relation created by the employment is one of a master and servant, or that of independent contractor. See Gulf, C. & S. F. Railway Co. v. Beasley, 67 Okla. 27, 168 P. 200; and Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 P. 738.

An employer may at any time change his plans and specifications as the work progresses, but this does not destroy or affect the status or character of an independent contractor. See Salmon v. K. C. (Mo.) 145 S. W. 16; Boyd, Higgins & Goforth, Inc., v. Mahone (Va.) 128 S. E. 259; Mickel v. Althouse (Cal. App.) 176 Pac. 51; Goble v. Lumber Co. (Idaho) 224 Pac. 439; Lofty v. Lynch-McDonald Construction Co. (Mo. App.) 256 S. W. 83; and Smith v. Howard (Ky.) 256 S. W. 402.

An examination of the evidence shows that the defendant Reece E. McGee was an independent contractor laying the pipe in question for the Marland Companies; that he hired the men, including the decedent, and discharged them; that the manner and method of doing the work was left entirely to him; that the Marland Companies paid him for the work on the basis of 22½ cents per lineal foot; that the Marland Companies had a representative on the job to see that the ditch was dug to a certain depth according to the specifications; that said companies had no supervisory control over the employees, machinery, or tools with which the work was performed; that the defendant McGee exercised his own judgment with reference to the method and manner of doing the work; that the Marland Companies were only interested in seeing that the result of the work was in accordance with their plans and specifications. A review of this record removes any question of doubt as to the correctness of the sustaining of the demurrers to the evidence interposed by the Marland Companies.

There was no primary negligence of the defendant McGee established. The evidence shows that the decedent for some time worked for the defendant McGee under the instructions of the witness Jernigan, an employee of said defendant, who testified that he had handled dynamite for approximately 25 years, and that he had instructed the decedent during the period he had worked with him, from the 22nd of June until the 22nd of November, in reference to the dangers incident to the use of dynamite, during which period of time the said decedent actually did the shooting of dynamite. The witness Jernigan quit the employment of the defendant McGee and the decedent was employed by said defendant to do the dynamiting work theretofore performed by Jernigan. The witness Heller, who was the first person to reach the decedent after the accident, testified that the decedent described how the accident happened in the following language:

"I asked him how it happened, and he told me he had found a cap that he thought was bad, and to get rid of it he cut a piece of fuse and put in it and lit it, and he said the thing went off."

Under this record, the evidence was clearly insufficient to establish actionable primary

negligence. There was no error in sustaining the demurrer to the evidence of the plaintiff on behalf of the defendant. Reece E. McGee.

Judgment affirmed.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., concurs in all except syllabus 1. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (2), annotation in 19 A. L. R. 236, 253; 14 R. C. L. 67; R. C. L. Perm. Supp. p. 3515; R. C. L. Pocket Part, title Independent Contractors, § 3. (4), annotation in 19 A. L. R. 272.