## OKLAHOMA CITY v. RICHARDSON.

No. 25399.  March 23, 1937.

Motion to Modify Opinion Denied June 15, 1937.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

O. A. Cargill and Howard K. Berry, for defendant in error.

BAYLESS, V. C. J. Josephine Richardson instituted 'an action in the district court of Oklahoma county, Okla., against the city of Oklahoma City, a municipal corporation, to recover damages sustained by reason of the death of her husband, Henry Richardson, whose death she alleged was attributable to the negligence of the city.

It is a sufficient statement of the facts to say that the husband's death occurred as a result of a collision between an automobile belonging to the city, driven by one of its police officers, and an automobile in which the husband was riding. The negligence charged to the city was limited to that spoken of in Oklahoma City v. Haggard, 170 Okla. 473, 41 P. (2d) 109. The plaintiff pitched her cause of action on the alleged negligence of the city in furnishing the police officer with a defective and unsafe automobile to drive. In the briefs the plaintiff differentiates between the city's responsibility to furnish cars in a safe state of repair from shops owned and operated by it, and the city's responsibility for the alleged negligence of one of its police officers in the performance of his duties as such officer. See Oklahoma City v. Haggard, supra.

The first assignment of error relates to the failure of the plaintiff to prove that there was no administration upon the estate of her husband. See Whitehead, etc., Co. v. Winton, 107 Okla. 99, 230 P. 509; Alko-Nak Coal Co. v. Barton, 88 Okla. 212, 212 P. 591; and White v. McGee, 157 Okla. 204, 11 P. (2d) 924. The rule is well established in this state that the surviving wife must (1) allege, and (2) prove, that there is no administration. The plaintiff pleaded this fact. She admits that she did not prove the fact, but argues, first, that the fact is established by inference. We do not agree. Secondly, she says that the court has criticized the rule as being more of shadow than substance. Alko-Nak Coal Co. v. Barton, supra. Likewise, in White v. McGee, supra, we recognized the technical nature of the defense. But we have nevertheless in each of those cases said that such duty rested upon the plaintiff, and that the rule, however technical, should be applied to a proper case. In our opinion, this case is one calling for its application.

Argument is made that the objections of the city were indefinite and insufficient to raise the particular objection. This is without merit. It is true a party objecting should be specific 'and certain (McDonald v. Strawn, 78 Okla. 271, 190 P. 558), but we are further of the opinion that if the trial court is content to rule upon a general demurrer to the evidence or motion for directed verdict, without requiring the reasons to be stated, and the other party is likewise content, this court is bound to pass upon any issue in the case which reasonably may be said to be within the scope of the demurrer or motion.

Error is also predicated upon certain remarks of the trial judge which, it is urged, prejudiced the cause of the city. But, since the cause is being reversed on the first assignment, further comment hereon is needless.

Two assignments are based upon the giving of instruction No. 13. This instruction is subject to criticism.

We have commented on the assignments of error other than No. 1, only because the case may be tried again, and our comments can guide the subsequent trial, but, since the cause may or may not be retried, we believe 'a further discussion of this instruction is unnecessary.

The cause is reversed.

OSBORN, C. J., and BUSBY, WELCH, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.