## OKLAHOMA GAS & ELECTRIC CO. v. SPIVA.

No. 27120. Oct. 12, 1937.

Rehearing Denied July 5, 1938.

Hal C. Thurman and Harold C. Thurman, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley and Phillips, Trammell, Estes, Edwards & Orn, for defendant in error.

HURST, J. The plaintiff, Mrs. Docia Spiva, as next of kin of Carl Spiva, deceased, filed this action to recover damages for the death of Carl Spiva, caused by electrocution. It appears that Carl Spiva was an inmate of the Methodist orphanage near Britton and a kite with copper wire, as a part of the string, came in contact with a high voltage wire belonging to the defendant, resulting in the death of Carl Spiva. The plaintiff alleged that no administrator of the estate of Carl Spiva had been appointed, but introduced no evidence to support this allegation, and the defendant argues this as one of the grounds for reversal. The defendant demurred to the evidence of the plaintiff and also moved for a directed verdict, both of which were overruled. The plaintiff argues that the failure to make proof of the fact that no administrator had been appointed is technical and harmless error.

This court has consistently held that such failure constitutes reversible error. Frederick Cotton Oil Co. v. Clay (1915) 50 Okla. 123, 150 P. 451; C., R. I. & P. Ry. Co. v. Brooks (1915) 57 Okla. 163, 156 P. 362; Sanders v. C., R. I. & P. Ry. Co. (1917) 66 Okla. 313, 169 P. 891; Whitehead Coal Co. v. Winton (1924) 107 Okla. 99, 230 P. 509; White v. McGee (1932) 157 Okla. 204, 11 P.2d 924; Oklahoma City v. Richardson (1937) 180 Okla. 314, 69 P.2d 334. We decline to depart from the rule laid down in those cases. Other questions are raised by the defendant, but since the case must be reversed for the reason herein stated, it is unnecessary that we discuss the other assignments of error.

The judgment is reversed, with directions to grant a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS. GIBSON, and DAVISON, JJ., concur. CORN, J., dissents. RILEY and WELCH, JJ., absent.