KANSAS, O. & G. RY. CO. v. PRUITT.

No. 30246. April 7, 1942.

Rehearing Denied May 26, 1942.
Application for Leave to File Second Petition for Rehearing Denied June 30, 1942.

*128 P. 2d 231.*

O. E. Swan, of Muskogee, for plaintiff in error.

Gomer Smith (Dan Jennings, of counsel), both of Oklahoma City, for defendant in error.

WELCH, C. J. For wrongful death of Bedford J. Pruitt, his surviving widow recovered judgment for herself and minor children against the Kansas, Oklahoma & Gulf Railway Company, and the defendant appealed.

Plaintiff maintained the action under 12 O. S. 1941 § 1054, as is authorized when no personal representative or ad-

ministrator has been appointed. Such lack of appointment was alleged in the petition. Defendant made no specific attack on the right or capacity of plaintiff to maintain the action. Defendant's entire pleadings were incorporated or included in an answer containing a general denial and a general plea of contributory negligence.

On appeal the defendant first questions the sufficiency of the showing as to plaintiff's capacity to maintain the action. The petition fully explains plaintiff's position, that is, stating that she is the surviving widow, that there is a minor child of the parties, that there is no administration on his estate nor any administrator appointed, and that therefore she sues for the benefit of herself and such child. Those facts being true, she is fully enabled to so maintain the action. 12 O. S. 1941 § 1054.

Defendant in no manner takes the position that plaintiff was not the surviving widow or that there was not a minor child of plaintiff and decedent, or that there was any administration of decedent's estate or was any administrator appointed.

Defendant did demur generally to plaintiff's evidence and did move generally for a directed verdict and in his motion for new trial relied generally on the statement that plaintiff's verdict was not supported by sufficient evidence. But at no time in the trial court, even in motion for new trial, did defendant specifically object to plaintiff's capacity to maintain the action as to either of the several points upon which such an objection might be made if there was the desire to make it.

In the petition in error and brief in this court defendant does not assert any lack of capacity in plaintiff to maintain the action, except alleged insufficiency of the evidence to properly show that no administrator of decedent had ever been appointed. Defendant in his brief does assert that the evidence was not sufficient to show that no administrator of the decedent's estate was ever appointed.

As to plaintiff's status and capacity to maintain the action and to show for whom she maintained it, she testified in substance as follows: That she was the surviving widow; that she had never been appointed administrator; that there were two minor children of the marriage of plaintiff and decedent (one born after her husband died); and that no administrator had been appointed for his estate. To the last answer only the defendant objected and moved to strike, and therein defendant was sustained.

The defendant did not cross-examine plaintiff as to her nonappointment to administer upon her husband's estate, and as has been pointed out, there is nothing to indicate defendant has ever contended that any administrator had been appointed in any county of the state. Of course, if such administrator had been appointed, then plaintiff would thereby have been deprived of the right to sue under the statute above cited.

Thus it is apparent that defendant's contention on this point, if it has any force whatever as a defense or contention, is a purely technical one, as we have said in former opinions. Chicago, R. I. & P. Ry. Co. v. Brooks, 57 Okla. 163, 156 P. 362. If it is defendant's position that in order to be approved as sufficient, the plaintiff's evidence must negative such an appointment in every county of the state, we observe it could not have been so intended by the legislative enactment. The defendant does not here so contend, but in no other way could the plaintiff completely and positively prove the absence of any appointed administrator or personal representative.

When this cause was heard in the trial court in motion for new trial the plaintiff presented proof by the court clerk and others that no administrator had been appointed in the county where decedent resided for several years prior to his death, being the same county where this accident occurred and where this cause was tried, and at that time offered proof generally that no administrator had been appointed anywhere else, but made no effort to make such

proof by the court clerk or the records of the other counties of the state. Defendant now asserts that such subsequent proof was not timely presented, and in any event was insufficient.

As to the propriety of hearing this proof on motion for new trial, it is not free from criticism. If it concerned an essential part of plaintiff's cause of action, it could not properly be so presented at such time, but it was not really a matter necessarily going to the merits of the action, as this court stated in Chicago, R. I. & P. Ry. Company v. Brooks, supra. Since the matter went entirely to one of the points incident to plaintiff's capacity to sue, and to nothing else, it may be that the trial court's action would merit approval even in a case where, upon the main trial, no reference whatever had been made to the identical point in the evidence. It is not necessary that we go that far in this case, since in this case the identical point was referred to in the trial and there was some evidence presented on the identical point. Surely there was enough reference to the matter in the main trial to afford defendant an opportunity then to present any contrary contention of fact on the point. And whatever error there was in hearing the added proof on motion for new trial, the defendant was then present, represented by counsel, and might then have presented any contrary fact or contention on this point. Furthermore, before the trial commenced the defendant might have presented any actual contention of lack of capacity to sue in the plaintiff. State ex rel. Braly v. Ford, 189 Okla. 299, 116 P. 2d 988.

On this point defendant places complete reliance on the rule of Oklahoma Gas & Electric Co. v. Spiva, 183 Okla. 253, 80 P. 2d 941, and the cases therein cited. In those cases we did hold that a new trial must be granted where the trial record disclosed no evidence or reference to this point other than the bare statement in the petition that no administrator had been appointed. We now entertain serious doubt as to any necessity for such a rule, or any

soundness therein. It may not be necessary, on account of some differences in the trial record, to now expressly overrule the Spiva Case and others of similar import. But if it be true that reversal must always result unless plaintiffs prove by positive evidence, and documentary or record evidence where possible, that no administrator has been appointed, then would it not likewise require reversal in each case where plaintiff failed to prove by documentary evidence that she was the wife and surviving widow? And by positive and documentary proof that the minor child had been born of plaintiff's marriage to decedent?

We doubt not that if specific issue of fact were tendered and if defendant actually contended that plaintiff was not the wife, then the facts might be such as to require documentary proof of marriage, and likewise if defendant actually contended that an administrator had been appointed, documentary evidence might be the only way to conclusively prove the true facts. But as to these matters, insofar as they deal purely with plaintiff's capacity to sue, they ought to be presented, if seriously relied upon, somewhat apart from the trial on the merits of the cause of action to the jury. When there was no desire or effort to so present them, and there is some reference thereto in the trial record, and some evidence thereof, then we see no justice in the rule that the judgment must be vacated and the cause reversed merely because plaintiff did not exhaustively prove her marriage to deceased, absence of divorce, and absence of appointment of an administrator. And we feel such reasoning should be fully applied to this case as concerns the contention of insufficient showing of absence of appointment of administrator.

As to the rule of the Spiva Case and others of like import, we are content to say that justice requires of us that we decline to apply such rule here, emphasizing the facts again; that defendant nowhere contends that there has been any kind of administration of the

estate of this deceased, or the appointment of an administrator anywhere; and that in this case there was some proof of the absence of any appointment of administrator.

While we said in the Spiva Case, supra, as applied to the facts and record there shown, that we were not then ready to depart from the similar rule laid down in former cases, we are now, upon further consideration, thoroughly convinced that justice and sound reasoning requires that we depart from such rule as affects such a case as this one, and we are fully satisfied now to apply such better conclusion to this case.

Defendant asserts there is no sufficient proof of negligence or that the negligence charged was the proximate cause of the accident. As to that, we observe deceased was driving his truck over the railway crossing when plaintiff's train struck and killed him. There was conflicting evidence as to whether proper warning signal was given. The facts determined by the jury from the evidence formed the basis of the verdict. We should not reverse. St. Louis & S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 P. 491; Collins Cotton Co. v. Wooten-Burton Sales Co., 81 Okla. 67, 196 P. 681.

The defendant properly objected to two numbered instructions 9 and 17 given to the jury. They deal with the duty of such a defendant at road crossings and with the recovery in case finding is made for plaintiff. We have examined them in connection with the other instructions given and find no error.

The defendant predicates error on the court's refusal to give a number of requested instructions. We have examined them and find that the pertinent substance thereof is sufficiently covered in the instructions given, and that the instructions as a whole fairly submit the issues to the jury.

Defendant asserts the verdict for $16,000 is excessive. The deceased was 29 years of age at his death and left surviving his widow of about the same age, and one child aged about six (another child was born about three months after the accident, which was after this suit was filed and more than a year prior to trial).

While it is true at the time of accident deceased was operating his truck in W. P. A. work for $88.00 per month, in view of his health and industry, shown at the trial, and his reasonable expectancy, we cannot say as a matter of law the allowance of this sum as recovery for the widow and children was excessive.

Finding no reversible error, the judgment is affirmed.

CORN, V. C. J., and OSBORN, DAVISON, and ARNOLD, JJ., concur. BAYLESS and HURST, JJ., concurring specially. RILEY and GIBSON, JJ., dissenting.

---

BAYLESS, J. (concurring in result). I am authorized to say that Justices RILEY, HURST, and ARNOLD concur in the views which I express with respect to the issue covered in syllabus No. 2 of the opinion of the court. I concur in the result reached, but upon a different theory.

The first proposition argued in this appeal relates to the failure of the plaintiff to prove that no administrator has been appointed, as a condition to the right of the widow to maintain the action. 12 O. S. 1941 §§ 1053-1054. This argument is based on several Oklahoma decisions holding that it must be alleged and proved that no administrator has been appointed before the surviving spouse, the widow here, or next of kin may maintain the action. Oklahoma Gas & Electric Co. v. Spiva, 183 Okla. 253, 80 P. 2d 941; Oklahoma City v. Richardson, 180 Okla. 314, 69 P. 2d 334, and other cases.

The record discloses that plaintiff alleged in her petition that no administrator had been appointed, and that she and her two minor children were the parties entitled to maintain the ac-

tion. There was an unverified general denial in the answer, and this is sufficient to raise the issue under 12 O. S. 1941 § 286, relating to certain pleadings that must be verified. Vaughn v. K. C. Ry. Co., 65 Kan. 685, 70 P. 602.

The record also discloses the following questions and answers in plaintiff's direct examination:

"Q. And you are the surviving widow? A. Yes, sir. Q. And no administrator was appointed for his estate? A. No, sir. By Mr. Swan: We object, the witness is not qualified—incompetent, irrelevant and immaterial, and move to strike. By the Court: Be sustained. Q. Do you bring this suit as the surviving spouse for the use and benefit of yourself and your minor children? A. Yes, sir. Q. As plaintiff? A. Yes, sir. Q. Have you ever been appointed administrator? A. No, sir."

No other questions were asked plaintiff on this issue, and no other effort was made to prove the issue.

After the jury had returned its verdict in favor of the plaintiff, the defendant filed a motion for a new trial, apparently designed to raise the issue of error in failing to prove that no administrator had been appointed. At the hearing on the motion for new trial, plaintiff offered proof of the allegation that no administrator had been appointed, which offered evidence was received, and the court overruled the motion for new trial.

Under the decisions cited and relied on by defendant it was error to overrule the motion for new trial in the absence of proof of the nonappointment of an administrator, unless the trial court considered the proof offered at the hearing on the motion for new trial.

We come now to the point whether evidence was admissible at the hearing on the motion for new trial to prove this issue. The trial court had no power to entertain the action unless it had jurisdiction of the parties. It is generally agreed that the capacity to sue is a question of jurisdiction. Illinois Cent. Ry. Co. v. Adams, 180 U. S. 28, 45 L. Ed.

410, 47 C. J. 18, secs. 15-28, and annotations, and 14 Am. Jur. 364, sec. 160, notes 11 and 15. We think this is especially true with respect to actions that are purely statutory, as is our action for death, and where the right vests in certain parties in a stated order.

We have said that the determination of the issue of whether a district court has jurisdiction is for the court, not the jury. Dolese Bros. v. Tollett, 162 Okla. 158, 19 P. 2d 570.

Therefore, the issue of whether plaintiff had capacity to maintain this action, that is, whether an administrator had been appointed, was for the trial court and not for the jury, and could be considered and determined at any time by the trial court before it lost jurisdiction by the steps to appeal. The receiving of the evidence to support the allegation was proper.

We have considered the case of Walker v. O'Connell, 59 Kan. 306, 52 P. 894, and do not think our decision on this point to conflict therewith. There was no allegation or proof on the issue in that case, but after demurrer to plaintiff's evidence the case was reopened and plaintiff permitted to show that no administrator had been appointed, and after the verdict of the jury the court permitted an amendment of the pleading to conform to the proof admitted when the case was reopened. It was held that this amounted to the making of a new issue as well as being erroneous because the proof was admitted over objection. In the case before us there was an allegation, and proof was admissible under the issue. We have not found any cases discussing whether proof may be received by the court after the verdict, as was done in this case, where the issue existed under the pleadings, but no proof was introduced or admitted in the course of the trial.

Since such an issue as this one is one of law for the court even though it may turn upon disputed facts, we see no reason why it cannot be determined by the trial court either before or after

the verdict. We think the better practice is to dispose of this issue during the course of the trial.

The defendant does not attempt to show that prejudice resulted to it by reason of the admission of this evidence at the hearing on the motion for new trial, nor does it attempt to refute the idea that no administrator had been appointed. The record discloses that the trial court offered the defendant an opportunity to obtain and introduce evidence to refute the plaintiff's evidence on this issue, but it appears that defendant did not take advantage of this offer.

The defendant presented in its briefs herein all of the available assignments of error, and has had the same considered by this court. A reversal of the cause on this point would only call for a re-presentation of the same evidence. All of the evidence necessary to support a judgment for either of the parties appears in this record, and as mentioned above, all opportunities for the presentation of additional evidence were given, and we can see no logical reason for reversing the cause solely for the trial of this issue, which would require the introduction of the identical evidence with respect to all other issues that appear now in this record.

---

RILEY, J. (dissenting to majority opinion; concurring in the special opinion). A plaintiff who sues in a representative capacity is required by pleading and proof to establish right to sue, and a general denial raises the general issue inclusive of plaintiff's right to sue. The nonappointment of an administrator is required to be established by the records, for the records are the best evidence of what they contain or do not contain. While a widow is entitled to notice of administration proceedings and entitled to preference of appointment as administratrix of her deceased husband's estate, the fact that she did not move for administration of such an estate or receive notice of it would not render such proceedings void,

but only make them voidable; therefore, such a widow's testimony that she had no notice of such proceedings does not prove that an administrator or administratrix does not exist.

Herein the plaintiff properly alleged nonappointment of an administrator as required, but she did not make proper proof until upon hearing of motion for new trial. Had the proper allegation in this respect not been made, the proof would have come too late. But there was an imperfect effort to prove the facts required in the plaintiff's case; therefore, proof on rehearing related thereto and made perfect that which was theretofore imperfect.

I express no opinion on the merits of the case for the reason that the importance of protecting the wholesome rule of law, herein considered, applicable to all cases, transcends in magnitude the presumptive correctness of the eminent trial judge's conclusions as applied to the merits of the particular controversy under consideration.

---

GIBSON, J. (dissenting). The law announced in the syllabus is contrary to our holding in Frederick Cotton Oil & Mfg. Co. v. Clay, 50 Okla. 123, 150 P. 451; Chicago, R. I. & P. Ry. Co. v. Brooks, 57 Okla. 163, 156 P. 362; Sanders v. Chicago, R. I. & P. Ry. Co., 66 Okla. 313, 169 P. 891; Whitehead Coal & Mining Co. v. Winton, 107 Okla. 99, 230 P. 509; White v. McGee, 157 Okla. 204, 11 P. 2d 924; Oklahoma City v. Richardson, 180 Okla. 314, 69 P. 2d 334; Oklahoma Gas & Electric Co. v. Spiva, 183 Okla. 253, 80 P. 2d 941.

The statute under which this action was brought was taken by us verbatim from the State of Kansas. The Supreme Court of that state has repeatedly and consistently held, as in City of Eureka v. Merrifield, 53 Kan. 794, 37 P. 113, that the action was statutory, the right of the plaintiff to maintain the action was conditional, and that the plaintiff, by pleading and proof, must bring himself "within the prescribed require-

ments necessary to confer the right of action."

In other states having statutes similar to ours the decisions are uniform and announce the same rule we have followed until now.

I see no good reason for departing from a rule so firmly established.

The sole ground of negligence alleged in plaintiff's petition is:

"That the engineer and fireman of said defendant's train by the use of ordinary care could have seen the deceased approaching said highway crossing, but that said engineer and fireman operating said defendant's train negligently and carelessly failed to give any warning of the approach of said train to said highway crossing and that by reason of said negligence and carelessness the said train was caused to collide with the automobile operated by the deceased."

The majority opinion states:

"There was conflicting evidence as to whether proper warning signal was given. The facts determined by the jury from the evidence formed the basis of the verdict. We should not reverse."

But I can find no conflict in the evidence.

Plaintiff introduced four witnesses who were asked whether warning signals were given by the defendant. The first witness testified that he heard the train whistle about 65 or 70 yards south of the crossing. The next witness testified that he heard the train whistle "around 60 or 70 yards" from the crossing. The third witness was a girl about 11 years old. She testified that she heard the whistle about two or three minutes before the collision occurred. And that if it whistled before that she did not hear it. The fourth and last witness was not asked if he heard the train whistle for the crossing. He was asked "Did it sound any blast or blasts of the whistle, as it went through Clarita?" And he answered "Not that I heard." It was not shown that he was paying attention to the train or that he was in a position to hear the train's whistle, if it were sounded. His evidence was negative in character and did not constitute evidence that no warning was sounded. Missouri, K. & T. Ry. Co. v. Flowers, 187 Okla. 158, 101 P. 2d 816.

Six witnesses testified for defendant that the whistles were sounded.

Finding no evidence supporting the sole ground of negligence alleged by plaintiff, I think the judgment should be reversed.

I therefore respectfully dissent.