## ANDERSON & KERR DRILLING CO. v. BRACHT.

No. 26373.   Sept. 8, 1936.

Catlett & Kerr and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

O. A. Cargill and Charles Hill Johns (W. R. Graalman and Harold Thweatt, of counsel), for defendant in error.

BAYLESS, J.   Delia Bracht, defendant in error, as plaintiff, filed an action in the district court of Oklahoma county, Okla., against the defendant, Anderson & Kerr Drilling Company, a corporation, who, as plaintiff in error, appealed to this court from a judgment against it rendered in said action upon the verdict of a jury. The parties will be referred to herein as plaintiff and defendant.

The plaintiff alleged in her petition that she entered into a written contract with defendant to sell and deliver unto defendant an oil and gas lease on certain real estate. A copy of the written contract was attached. The plaintiff thereupon alleged:

"That plaintiff performed all the requirements contained in said agreement attached hereto as an exhibit and performed all the conditions precedent upon her part, but that said defendant has failed and neglected to perform said contract in this, to wit: that defendant failed and refused to pay plaintiff the sum of $12,500 in cash, or to accept the oil and gas lease tendered defendant or to assign plaintiff an undivided one-eighth interest of the 7/8ths working interest until the same had produced $12,500 in oil, or to perform said contract in any manner whatsoever."

She then alleged the resulting damages, and sought judgment.

The answer of the defendant contained, in addition to a general denial, certain specific denials, including one on performance and an affirmative plea of nonperformance on the part of plaintiff.

The plaintiff's reply was a general denial of the allegations of defendant's answer. Upon these pleadings the case was called for trial.

One of the assignments of error is based upon the contention that there was a fatal variance between the cause of action pleaded by plaintiff and the proof and cause of action made out thereby. Since our determination of this assignment disposes of the appeal, it is unnecessary to set out or discuss the other assignments.

We have seen from the summary of the pleadings filed that plaintiff was seeking damages for the breach of a contract by defendant, in the face of full performance by plaintiff. When plaintiff's attorney made his opening statement to the jury he said, in substance, that the plaintiff had not performed all of the conditions precedent incumbent upon her to perform, but that her performance thereof was prevented or waived by the action of the defendant in repudiating the contract and announcing that it would not perform. The defendant thereupon objected to such statements and moved that they be stricken on the grounds that such facts, if proved, would vary from the cause of action pleaded. The trial court overruled defendant.

The plaintiff thereupon proceeded to prove that she furnished the abstract of title, that defendant's attorney examined the same and made some 18 requirements, which by the terms of the contract she had 15 days to meet. She then proved that she met certain of them, that certain of them were waived, and of the two left to be performed, one involved a question of title which turned upon certain facts and the interpretation of a dedication in a plot, in other words, a mixed question of fact and law; and the other one related to unpaid taxes. She then proved that while her agent was discussing these matters, and within the 15 days allowed her to meet the requirements, the defendant, through an agent and an attorney, repudiated and renounced the contract. The question of title was not settled by the parties and has not been settled (un'ess the judgment can be said to have inferentially settled the question, and we

are reversing the judgment), and there is no showing that the taxes were paid. All of the testimony relating to repudiation and renunciation as excusing performance was objected to.

The defendant preserved its record in this respect in a manner sufficient to entitle it to raise the question here. The plaintiff attempts at places in her brief to deny a variance, but in other places and especially under certain specifications of argument, frankly asserts that full performance was waived or excused by the defendant as a result of its conduct.

An action for the failure of one party to perform when the other party has fully performed is one well recognized and much in use. An action for an anticipatory breach of a contract (6 R. C. L. 1023), or for the repudiation or renunciation of a contract (6 R. C. L. 1024), is also well known. The net practical result to the successful plaintiff in all of such cases is the same. But this does not mean that the same allegations in the petition and the same issues of fact and law in the cases and the same testimony will suffice or be proper in all such cases. The differences therein are well known, and are logical.

It is elemental and fundamental that a plaintiff must recover, if at all, upon the case made by the pleadings, and not upon a case which may be developed by the proofs. Bancroft, Code Pleading, vol. 1, p. 984, sec. 700.

As for a cause of action based upon performance, it is the general rule that proof of an offer to perform or a tender of performance is precluded (Bancroft, Code Pleading, vol. 1, p. 991, sec. 704); or that on a plea of performance, estoppel, waiver, or other facts excusing performance may not be shown (Bates, New Pleading, Pr. and Forms. vol. 1, p. 507, and vol. 2, p. 1289). This court has held that on a plea of payment, accord and satisfaction may not be shown. Continental Gin Co. v. Arnold, 52 Okla. 569, 153 P. 160. The rule is stated in Bancroft, Code Pleading, vol. 1, p. 995, sec. 708, as follows:

"The rule is fundamental that the complaint must allege either performance or a valid excuse for nonperformance. One is not the other, and as a general rule, if the plaintiff does not perform the contract, but relies upon an excuse therefor, he must set forth the excuse in his complaint; and he may not plead performance and recover under a plea of waiver."

We have held in Warner v. Page, 59 Okla.

259, 159 P. 264, that a plea of performance by payment of delay drilling money may not be shown by proof of mailing blank check, followed by conduct of payee indicating a legal check would be accepted after due date. In New York it is held that suit for recovery of money on a plea of services rendered for one year cannot be established by proof of services for ten months, and a waiver of the other two months' services (Scheurer v. Monash, 76 N. Y. S. 917), nor can performance be established by proof of a modification and performance thereunder. Alexander v. O'Hare, 63 N. Y. S. 179.

Our statute (section 3206, O. S. 1931) enjoins us to not reverse cases because of a variance unless it materially prejudices the other party by misleading him. Obviously each case presents a new and different problem on its own facts. See Bancroft, Code Pleading, vol. 1, p. 987, sec. 702.

Corporations act only through their officers and agents. When they are to be charged with legal responsibility as the result of an act of an agent inconsistent with certain contractual obligations, the cause of action thereon should conform in all respects to what is reasonable and proper in pleading and proof. The defendant in this case reasonably expected to meet and hoped to refute the issue of complete performance by the plaintiff. Instead, without warning in the pleadings, the defendant was met with an issue entirely different, involving issues relating to the acts and authority of its agents, one of whom was dead.

The judgment is reversed for further proceedings in keeping with the views herein expressed.

RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.