ST. LOUIS & S. F. R. CO. v. OLDHAM, Adm'x.

No. 29553. Nov. 19, 1940.

Rehearing Denied Dec. 10, 1940.

107 P. 2d 1017.

J. W. Jamison, of St. Louis, Mo., Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, and R. J. Roberts, of Wewoka, for plaintiff in error.

Pryor & Wallace, of Wewoka, and Hugh M. Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendant in error.

HURST, J. This action was brought by Josh Oldham under the Federal Employers' Liability Act to recover damages for personal injuries due to negligence of fellow servants. After the case was at issue, and before it was tried, Oldham died from a cause independent of the alleged injury, and the case was revived by Annie Oldham, administratrix. No new or amended pleading was filed by the administratrix, but the case proceeded to trial upon the original petition, answer, and reply filed prior to the death of Oldham. From a judgment for the plaintiff, the defendant appeals.

Defendant's sole contention is that the petition filed by Josh Oldham failed to state a cause of action in favor of the administratrix. This contention is well taken.

By section 51, title 45, U. S. C. A., the cause of action asserted by Oldham survived to his administratrix for the benefit of his surviving widow and children, and if none, his parents, and if none, then the next of kin dependent upon him. The existence of such beneficiaries, and the proper appointment of the administratrix, were essential to the right of recovery, and in the absence of allegations thereof no cause of action was stated. City of Atchison v. Twine, 9 Kan. 350; Central Branch U. P. Ry. Co. v. Andrews, 34 Kan. 563, 9 P. 213, Southern Surety Co. v. Williams, 105 Okla. 44, 231 P. 293; Abraham v. Stewart Bros. Cotton Co., 165 Okla. 73, 24 P. 2d 992. While the cited cases do not construe the Federal Employers' Liability Act, they illustrate the necessity of pleading, in an action revived by the personal representative of a party dying while the action is pending, the existence of those facts which are prerequisite to the continuance of the action by such representative, and which must be proved before such representative may recover a judgment.

That the same necessity exists in cases arising under the Federal Employers' Liability Act is apparent from the language of cases involving that act. Section 51 of the act provides that an action for the death of an employee shall be brought by the personal representative of such deceased employee, for the same beneficiaries as specified in section 59. In American Railroad Co. v. Birch, 224 U. S. 547, 32 S. Ct. 603, it was held that under section 51 the suit must be brought by a personal representative, for the benefit of those beneficiaries named in the act, and that the language of the act was clear, and to be strictly construed. The rule announced in that case was ap-

proved in Missouri, Kansas, & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, and apparently has never been departed from.

It is generally held that:

"Where the existence of persons entitled to the benefit of the recovery is necessary to the right of action, as where the amount recoverable is wholly for the benefit of, and as damages to, such beneficiaries, it is necessary to allege and prove the existence of such beneficiaries at the commencement of the action, or to state facts necessarily raising the inference of the existence of such beneficiaries." 17 C. J. 1285.

In the brief of the administratrix it is urged that the error, if any, is harmless, and that this court should disregard same under section 3206, O. S. 1931, 22 O. S. A. § 1068. But we think the error one of substance. Defendant raised the question by objection to the introduction of evidence, by objections to the evidence, by demurrer to the evidence, and by motion for directed verdict. Although attention was thus called to the defect, no request was at any time made to amend. The motion and order of revivor were not a part of the pleadings upon which the action was tried. The defendant was entitled to controvert the appointment of the administratrix and the existence of the beneficiaries. This they could not do without going outside the issues framed by the pleadings, which they were not required to do. Templeman v. Walker, 175 Okla. 366, 52 P. 2d 737.

In Oklahoma Gas & Electric Co. v. Spiva, 183 Okla. 253, 80 P. 2d 941, and in numerous other cases cited in that opinion, we held that the failure to prove that an administrator had not been appointed, in an action brought by the surviving widow for the death of her husband, is not harmless error. We likewise hold that the failure to allege the appointment of the administratrix and the existence of beneficiaries designated in the statute was an error of substance in the present case. Anderson & Kerr Drilling Co. v. Bracht, 177 Okla. 394, 60 P. 2d 758.

We therefore conclude that there is here no ground for the application of the harmless error doctrine.

Reversed, with directions to proceed in accordance with the views herein expressed.

BAYLESS, C. J., and RILEY, GIBSON, and NEFF, JJ., concur.