BARLOW et al. v. YOUNG, Sheriff.

No. 6850. Decided September 25, 1945. (161 P. 2d 927.)

Rehearing Denied December 3, 1945.

See 35 C. J., Jury, sec. 136; 31 Am. Jur., 588.

*J. H. McKnight,* of Salt Lake City (*Samuel Adelstein,* of Pocatello, Idaho, of counsel), for appellant.

*Brigham E. Roberts,* Dist. Atty., and *H. D. Lowry,* Asst. Dist. Atty., both of Salt Lake City, for respondent.

WADE, Justice.

The petitioners and appellants herein were convicted of the crime of unlawful cohabitation, a felony, which convictions, upon appeal, were affirmed by this court. See *State v. Barlow et al.,* 107 Utah 292, 153 P. 2d 647.

Petitioners upon issuance of the commitments, filed a petition for a writ of habeas corpus in the district court upon the ground that the sentences were void because the

petitioners had not been accorded a trial in conformity with the mandates of our constitution and statutes and therefore the court had no jurisdiction to impose the sentences. From a refusal to grant the writ they now appeal.

The facts are stated in *State* v. *Barlow*, supra, and we will not go into them again. Suffice it to say, that the defendants in that case, through counsel representing them, each caused to be filed a stipulation as to what facts the prosecution would prove and had also stipulated that each waived a jury trial, whereupon the case was submitted to the court for determination.

Sec. 105-28-2, U. C. A. 1943, provides:

"Issues of fact must be tried by jury, but in all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and entered in the minutes."

Petitioners now contend that they did not waive a trial by jury; that the stipulation was signed by the attorneys representing them and was not signed by the defendants themselves and therefore cannot be considered as a waiver by them of their right to a jury trial.

The record discloses that while all the defendants were present in court it was suggested by the district attorney that each defendant be asked if he consented to the stipulation. One of the attorneys representing these defendants answered that they all understood it, and suggested the question be asked of them as a group. The court then inquired if they wanted the stipulation read to them. The attorney answered that they had all read it. These suggestions and answers were all made in the presence of all of the defendants in open court. Thereupon the court asked the following questions:

"Are there any of the defendants who have not seen or read the stipulation signed by your attorneys? I assume from your silence that you have all read it.

"Do you consent to the filing of the stipulation as you have seen it prepared in this case? (To this question several of the defendants answered 'yes.')

"You all do consent; there is no one that does not consent to the filing of this stipulation? (There was no audible response to this question.)"

A mere statement of the facts and proceedings immediately makes it clear that each of the defendants consented to waive his rights to a jury trial. It is apparent this is not a case where a defendant by oversight or omission has failed to ask for and therefore was not accorded the rights guaranteed to him under our constitution and statutes. Here, at the instigation of the defendants the entire proceedings were designed to effectuate a waiver of a jury trial and to avoid the submission of evidence by witnesses of the facts the state would prove, and they cannot now be heard to deny that they waived these rights, since the minutes and the transcript of the proceedings clearly show that they did so in open court.

Affirmed.

McDONOUGH, TURNER, and WOLFE, JJ., concur.

LARSON, Chief Justice (concurring) :

I concur in affirming the judgment, but I must place my concurrence upon different grounds than those assigned by the prevailing opinion. If the law is that a waiver of jury trial or a stipulation as to evidence must be made or assented to by the direct word or signature of the defendant himself, then I can see no escape from the conclusion that this judgment must fall. The record as quoted by Mr. Justice WADE shows conclusively that the stipulation of facts was made and signed by counsel, not defendants. It shows conclusively that none of the defendants admitted or even stated that they had read the stipulation. It shows that some of them answered that they consented to the stipulation being filed and some did not so answer and that the court assumed from the silence of those who did not speak,

that silence voiced consent. If the defendant must personally consent, that being a positive act it cannot be inferred from silence. And I find nothing in the record to show that any defendant personally consented to waive his right to a jury trial. To my mind the record compels the conclusion that the making of the stipulation as to facts, and the waiver of a jury trial must stand upon the act of counsel and not the act or consent of the defendants, or the judgment must fall. The question then is: May counsel, in open court and in the presence of his client, waive a jury or enter a stipulation as to evidence which is binding on the client? That this question calls for an affirmative answer seems clear. In the conduct and trial of a lawsuit, an attorney is not a servant or mere agent of his client. He is the general manager, the expert director of the business in hand. It is his judgment and not the judgment or whim of the client that controls the litigation. The attorney is the agent or helper of the court. His duty to the court is superior to that due the client. He is part of the machinery of justice. His obligation runs to the public as well as to the individual. He has no moral right to prolong trials and litigation by trifling or dilatory tactics, or resort to the subterfuge of trying to wear out his opponent, just to suit the whim or anger of his client, or to put on a show for the benefit of his client or the public. In the administration of justice, the trial of a lawsuit is solemn and serious business. The lawyer should take it, approach it, and discharge it in that frame of mind. No lawyer should require the adverse party to call witnesses to prove self-evident facts, or facts which his own client would thereafter be under the necessity of admitting. If in the trial of a lawsuit the attorney is to be able to properly discharge his duty as a part of the machinery of justice, it must follow that he, and not the client, is in control of the litigation. And in the trial of an action no lawyer has a right to do any act which does not conform to his sense of obligation to the court of whose bar he is a member to meet the wishes or desires of a client. If the client does not like the way

counsel conducts the business (litigation) he may pay off counsel and employ another manager, but while he has counsel he is controlled and bound by the acts and conduct of counsel. If he feels that counsel has been guilty of unfair practices toward him, or was guilty of illegal acts in the conduct of the business, he may bring his action against counsel, but he cannot urge such conduct, as long as it was not fraudulent, as a ground for disturbing the judgment.

In the instant case, defendants were present in court when the stipulation of fact was filed. They were present when the trial by jury was waived. They made no objections and continued counsel in their service in the case. They do not now contend that the stipulation did not correctly state the facts, nor do they contend there were any other salient facts they could prove. Counsel were within their rights in entering into the stipulation and in waiving a jury trial. They are to be complimented for keeping the proceedings on a high plane, for their fairness with the court, and for the way in which they conformed their actions to the ideals of the legal profession, and their obligations as counsel.

For the reasons stated the proceedings in the original trial were proper and valid, and therefore in the instant case the court properly denied the plaintiffs a discharge, and I concur in affirming the judgment.