ROGERS v. GOODWIN.

No. 34438.   Feb. 17, 1953.

*253 P. 2d 844.*

---

Hudson, Hudson & Wheaton, Tulsa, for plaintiff in error.

McNeill & McNeill, Tulsa, for defendant in error.

ARNOLD, J.   J. H. Goodwin sued Charles B. Rogers for a money judgment alleging that Rogers prepared and delivered to him a power of attorney for the signatures of Thelma Bruner and Essie Bruner living in California, who had an interest in a judgment procured by Rogers in the Lete Kolvin case, No. 19179 in the district court of Creek county, and directed him to go to California to procure the signatures of said persons to said written power of attorney;  that Rogers in writing agreed to pay him his expenses not to exceed $500 and $3,000 for the procurement of the authorizations if same were delivered to him on or before the succeeding January 10th; that as contemplated by the parties he went to California for the sole purpose of procuring said signatures;  that his expenses solely due to said trip were in excess of $750; that while there and conferring with Lucy Johnson, Thelma Bruner, and others interested in the case, and being informed by them that they would not sign the authorization along with Essie Bruner, he called Rogers long distance and advised him of developments up to the time of said conversation; that Rogers told him that Essie Bruner was not an heir and was not a party to the judgment in the Kolvin case; that he should disregard her but get the signatures of Lucy Johnson, Thelma Bruner, and the other named heirs and judgment creditors and immediately forward them to him; that Rogers asked Goodwin to let him talk to Lucy Johnson; that he did talk to Lucy; that he again talked to Rogers before the conversation was concluded and Rogers told him that he had told Lucy that if she and the others, with the exception of Essie Bruner, would go ahead and sign the instrument he would waive his attorney fees against their portion of the judgment; that the signatures of those required were procured as directed by Rogers and air mailed to him, he receiving the same on the 9th day of the succeeding January; that before this suit was brought Rogers paid him $380 which he credited on the expense account leaving a total balance due of $3,120 for which he prayed judgment. Goodwin's testimony supported the foregoing allegations in detail.

Rogers filed an answer in which he admitted the preparation of the unsigned powers of attorney; that the terms of the employment were correctly alleged by Goodwin but he denied performance by Goodwin. His testimony is to the effect that the $380 which Goodwin alleged was paid on the expense account was a loan; he also admitted the telephone conversation alleged and supported by Goodwin's testimony and the waiver of the attorney fees on the judgment in favor of the above-named persons which he testified amounted to about $1,400; he specifically denied that he told Goodwin to procure the signatures designated by Goodwin or that he waived the procurement of the signature of Essie Bruner and testified that he told Goodwin the deal between them was off.

The cause was tried to a jury which returned a verdict for $1,450 principal and $500.25 interest, on which judgment was rendered.

Rogers contends that both plaintiff's amended petition and the evidence admit plaintiff's failure to perform the written contract of employment sued upon and seeks to modify the contract by parol evidence in violation of Title 15 O.S. 1951 §237.

Plaintiff's amended petition alleged part performance of the contract and defendant's waiver of performance of the balance and his proof supported this allegation.

"The conduct of a party to a contract, which prevents or dispenses with performance by the adverse party, is equivalent to a waiver of the right to require performance." Voegel v. Fisher, 203 Okla. 657, 225 P. 2d 346; Quinette v. Mitschrich, 109 Okla. 281, 235 P. 530.

Demurrer to the petition was properly overruled. Anderson & Kerr Drilling Co. v. Bracht, 177 Okla. 394, 60 P. 2d 758. The parol evidence rule has no application. Bu-Vi-Bar Petroleum Corporation v. Krow, 40 F. 2d 488; Walker Valley Oil & Gas Co. v. Parks & Palmer, 128 Okla. 286, 262 P. 672. See, also, Oklahoma Improved Seed Co. v. Smith, 175 Okla. 64, 51 P. 2d 563; Campbell v. Frye, 145 Okla. 213, 292 P. 7. Demurrer to the evidence and motion for directed verdict were properly overruled.

Rogers also complains of instructions Nos. 5 and 6 given by the court. These instructions both deal with the matter of estoppel by waiver and are both based on Walker Valley Oil & Gas Co. v. Parks & Palmer, supra. There is no error in the instructions.

Rogers also contends that the jury's verdict cannot be sustained because Goodwin was entitled to recover the entire amount sued for or nothing. We agree. Under plaintiff's theory of the case he was entitled to recover $3,000 for services and $500 for expenses, less the $380 theretofore paid. The jury evidently in general believed Goodwin's story and should therefore have returned a verdict for the sum of $3,120. The verdict erroneously gives Rogers credit for the attorney fees which he waived, and he will not be heard to complain if Goodwin chooses to accept a lesser sum than he was entitled to under the jury's determination of the facts. Rogers does not contend that at the time he instructed Goodwin to disregard the written contract of employment providing for the necessity of getting the signature of Essie Bruner a different rate of compensation was agreed upon.

Lastly, Rogers asserts that plaintiff did not plead or prove the assessment or payment of intangible taxes upon his alleged liquidated claim as required by 68 O.S. 1951 §1515.

Nobody claims that upon performance plaintiff was entitled to any lesser amount than $3,000. The contract shows that upon its face. This is a liquidated claim. Not so with the item for expenses. That was to be an amount not to exceed $500 and proof of the actual expenses incurred had to be introduced to establish the amount due. Plaintiff sued partly upon a liquidated claim and partly upon an unliquidated claim. He had to allege and prove payment of the intangible tax upon the fixed amount for the services to be performed. This he did not do. The judgment is vacated and the cause remanded with directions to the trial court after hearing upon proper notice to determine such jurisdictional matter and if plaintiff establishes compliance with the Intangible Tax Law, then judgment to be rendered for plaintiff; or upon failure of plaintiff to establish compliance with the Intangible Tax Law, the plaintiff's action to be dismissed as specifically provided by that act. See Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603, and cases therein cited.

Since the judgment appealed from is reversed, the cost of this appeal must be taxed against plaintiff.

Reversed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.
WELCH, J., concurs in result.