328 P.2d 307

**Arnold HAYMORE and Blaine H. Haymore, Plaintiffs and Respondents,**

**v.**

**Reuben J. LEVINSON and Yetta Levinson, Defendants and Appellants.**

**No. 8793.**

Supreme Court of Utah.

July 18, 1958.

Clyde & Mecham, William G. Gibbs, Salt Lake City, for appellants.

Peter M. Lowe, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiffs Haymore recovered judgment for $2,739 for money payable under a contract by which they sold defendants Levinson a house. The essence of Levinsons' defense below and contention for reversal here is that there had been no "satisfactory completion" of the house as required by the contract.

The question involved is what the term "satisfactory completion" comprehends.

Plaintiff Arnold Haymore, a contractor and builder, was constructing the house in question at Holladay in Salt Lake County. In November of 1955, when it was well along toward completion, defendants con-

68

tracted to purchase it for $36,000 on terms described therein. The provision pertinent here was that $3,000 of the purchase price was to be placed in escrow to be held until "satisfactory completion of the work" which referred to a list of items attached to the contract.

The Levinsons moved in and Haymore proceeded with the work, and when he finished, requested the release of the $3,000. The Levinsons stated that they were not "satisfied" with certain of the items and refused to release the money. After some discussion, Haymore agreed to take care of another list of items which the Levinsons insisted must be completed. When he and his workman came to do this work, the Levinsons indicated dissatisfaction with this second list they had agreed upon and demanded still further work, to which Haymore would not agree. The Levinsons thereupon told him that unless he would agree to and do all the work they then requested and in a manner they required, he could do none; and when he refused, ordering him off the property, taking the position that they would not release the money until he fully satisfied their demands.

The defendants' position is in essence that the words "satisfactory completion of the work" are to be given a subjective meaning: i. e., that it is a matter of their choice and unless they are satisfied and so declare, the money is not payable; whereas the plaintiffs assert that it means only that the work must meet a standard reasonable under the circumstances.

■ The adjudicated cases recognize that contracts wherein one party agrees to perform to the satisfaction of the other fall into two general classes: the first is where the undertaking is to do something of such a nature that pleasing the personal taste, fancy or sensibility of the other, which cannot be readily determined by objective standards, must reasonably be considered an element of predominant importance in the performance. In such cases the covenant that something will be done to the satisfaction of the favored party ordinarily makes him the sole judge thereof and he may give or withhold his approval as he desires.[1]

■ The other class of cases involves satisfaction as to such things as operative fitness, mechanical utility or structural completion in which the personal sensibilities just mentioned would not reasonably be deemed of such predominant importance to the performance. As to such contracts the better considered view, and the one we adhere to, is that an objective standard should be applied: that is, that the party favored by such a provision has no arbitrary privilege of declining to acknowledge

1. 17 C.J.S. Contracts § 495, p. 1007, citing numerous cases; Corbin on Contracts, Sec. 645.

satisfaction and that he cannot withhold approval unless there is apparent some reasonable justification for doing so.[2]

Building contracts, such as the one in question generally fall within the second class of contracts above discussed.[3] In regard to them it is plain to be seen that giving the word "satisfactory" an entirely subjective meaning, might produce unconscionable results. The favored party could, upon any whim or caprice, and without reason, refuse to acknowledge satisfaction and thereby escape his obligations under the contract. The ends of justice are obviously better served by the application of the objective standard which only requires the work to be completed in a reasonably skillful and workmanlike manner in accordance with the accepted standards in the locality. If, in the light of such standards, it would meet the approval of reasonable and prudent persons, that should be sufficient.

The above view is consonant with our recent holding that a clause in a contract for the furnishing of heat was to be within the lessor's "sole judgment," could not be arbitrarily applied to justify the furnishing of entirely inadequate heat, but was subject to a sensible interpretation in relation to the reasonable needs of the lessees under the circumstances.[4]

The trial court correctly adopted and applied the standard to which we give our approval herein. In doing so it found that the plaintiff had completed the original list of items attached to the contract in a satisfactory manner, (except some minor deficiencies of a total value of $261 for which an offset in favor of defendants was allowed) and that there were no structural defects.

On the question of structural defects the defendants stressed particularly the provision of the contract that there was a "one-year guarantee on the house structurally." Under it they sought redress for some cracking in the cement roof of the garage which also serves as a patio, which they aver causes some leakage through into the garage below. The answer to this is found in the fact that the lower court's finding that there were no structural defects is supported by the testimony of two qualified experts who had inspected the home and explicitly said they found no "structural defects" therein. Defendants' own expert was uncertain as to whether such cracking as had occurred could properly be classified as a structural defect because they were nothing other than is to be expected in connection with such construction. The trial court could believe and rely on such testimony.

2. Midgley v. Campbell Bldg., 38 Utah 293, 112 P. 820; see, also, Fernelius v. Fernelius, 77 Utah 395, 296 P. 244.

3. See 17 C.J.S. Contracts § 495, p. 1010.
4. 13th and Washington Corp. v. Neslen, 123 Utah 70, 254 P.2d 847.

In regard to items complained of as not being completed on the second list, which the plaintiff at one time agreed to fix, another principle of law is applicable. Assuming without deciding that the plaintiff became obligated to complete that list, the defendants prevented the plaintiff from further performing by ordering him off the property, and therefore cannot take advantage of the failure of performance.[5]

Affirmed. Costs to respondents.

McDONOUGH, C. J., and WADE and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.

5. See Hoyt v. Wasatch Homes, 108 Utah 523, 261 P.2d 927; Bomberger v. Mc- Kelvey, 35 Cal.2d 607, 220 P.2d 729. Restatement of Contracts § 295.