431 P.2d 792

**W. P. HARLIN CONSTRUCTION COMPANY, a Utah corporation, Plaintiff and Appellant,**

**v.**

**UTAH STATE ROAD COMMISSION, Defendant and Respondent.**

**No. 10773.**

Supreme Court of Utah.

Sept. 11, 1967.

Clyde, Mecham & Pratt, Elliott Lee Pratt, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Salt Lake City, for respondent.

**CROCKETT, Chief Justice.**

Harlin Construction Company sued the Utah State Road Commission on three causes of action for breaches of contract in connection with the construction of Interstate 15 overpass structures at Second south and Eighth West Streets in Salt Lake City. The plaintiff was allowed recovery on two of the causes. But at the pretrial, on the basis of pleadings, affidavits and interrogatories, the trial court dismissed its first cause of action on the ground that under the facts shown it could establish no right to recovery.

■ This claim for damages arises from the fact that the defendant Road Commission refused to approve the use by the plaintiff of a certain Del Mag D–12 combustion-type pile driving hammer on the Second South and Eighth West project. The contract provides:

> * * * that driving of cast-in-place concrete piles shall be with air or steam pile driving equipment with the minimum energy of 18,000 foot pounds per blow.

> Combustion-type pile hammers may be used in lieu of air or steam hammers providing a rating (energy per blow) mutually agreed upon by the Contractor and the Chief Structural Engineer is established prior to use.

Plaintiff makes no contention that the defendant's chief structural engineer expressly agreed to the use of its hammer. Its contention is that the Del Mag combustion-type hammer it desired to use had a manufacturer's rating of 22,500 foot pounds per blow, well above the 18,000 required, and that the defendant, without reason or justification, arbitrarily refused to allow its use.

■ Prior to entering into the agreement the plaintiff was free to choose whether and upon what terms it would do so. After committing itself by signing the

contract it was bound by the covenants expressed, and the question whether it was prudent to leave the approval of the equipment to be used to the defendant's engineer is not now pertinent to this dispute. However, it is to be conceded that where a contract provides that the matter of approval or satisfaction of a method of operation, or performance of a contract, is reserved to a party, it is to be assumed that he will act fairly and in good faith. It is generally held that he cannot, without any reason or excuse, arbitrarily withhold approval, or acknowledgment of satisfaction.[1]

The pivotal inquiry here is whether, under the facts disclosed, the trial court was justified in ruling that no such arbitrary action of the defendant could be shown.

The affidavit of the defendant's chief engineer sets forth certain facts pertinent to this issue from which it appears without dispute that he had given substantial attention and consideration to the Del Mag D–12 hammer which the plaintiff proposed to use: that because he knew that the manufacturer's rating on this combustion-type hammer is not always reliable he had some doubts about the accuracy of its rating; that this particular type of hammer had been rated by the California Division

of Highways at only 75% of its 22,500 foot pounds rating, or 16,500 foot pounds per blow. He had made personal observations both of the operation of this hammer and of certain tests which had been made to compare its functioning ability with another type of hammer, a Raymond S-1 steam hammer, which was approved as being powerful and efficient enough to drive the pilings through the strata expected to be encountered in this construction.

■ Related to the subject of tests, just mentioned, is another facet of plaintiff's claim of the defendant's arbitrariness. It argues that from the provisions of the contract quoted above it is fairly implied that it was the responsibility of the defendant to either accept the manufacturer's rating on plaintiff's hammer or to establish the rating by appropriate tests; and that since it would not do the former, it acted arbitrarily by conducting a test which was not calculated to establish the rating of the Del Mag D–12, but only to compare it with a competitor's hammer. This contention is untenable for the reason that the contract imposes no such obligation upon the defendant as a condition to the privilege it expressly reserved of approving or disapproving the use of any combustion-type hammer. Furthermore, by plaintiff's own

1. Murphy v. Salt Lake City, 65 Utah 295, 236 P. 680; Campbell Bldg. Co. v. State Road Comm., 95 Utah 242, 70 P.2d 857; Haymore v. Levinson, 8 Utah 2d 66, 328 P.2d 307.

statement it appears that the other type test it suggests, to establish a rating on its hammer, would take months and cost many thousands of dollars. It is plainly evident that there was nothing unreasonable in the defendant's conduct in that regard.

It is our opinion that the trial court was correct in its ruling that the facts disclosed at pretrial precluded the possibility of the plaintiff showing that the defendant's refusal to permit the use of the Del Mag D-12 hammer was arbitrary or done in bad faith.[2]

█ Other theories contrived by plaintiff to justify recovery are likewise of no avail. It avers that under a previous contract with the same specifications, that even though defendant did not agree to the rating of the Del Mag D-12 hammer, it did not object to its use, nor require that its rating be established. It urges that this constituted a waiver and/or estoppel to now require strict compliance with the specifications in this contract. The court below was very properly not concerned with how the previous contract had or had not been performed. The instant transaction was an independent one based upon a separate contract which we must assume the parties signed in an awareness of its contents. If in fact officials of the Road Commission may not have enforced a provision of *one* other contract on a previous occasion, that would grant no one a license to go on permanently ignoring that provision in subsequent contracts. The fact that some improper or unsatisfactory equipment, materials or method of construction had once been employed, should not forever prevent the defendant from rectifying the situation.

Affirmed. Costs to defendant (respondent).

CALLISTER, HENRIOD and TUCKETT, JJ., and STEWART M. HANSON, District Judge, concur.

ELLETT, J., being disqualified, did not participate herein.

---

**2.** As to the usefulness and propriety of summary judgment when upon the evidence, even under the best view for plaintiff, could establish no right to recovery see statement in Henry v. Washiki Club, Inc., 11 Utah 2d 138, 355 P.2d 973.