465 P.2d 173

**Leo R. CASEY, Plaintiff, Respondent, and Cross-Appellant,**

v.

**NELSON BROTHERS CONSTRUCTION COMPANY, Defendant and Appellant.**

No. 11721.

Supreme Court of Utah.

Feb. 11, 1970.

Reed H. Richards, Salt Lake City, for defendant-appellant.

John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, for plaintiff-respondent.

CROCKETT, Chief Justice.

The plaintiff Leo R. Casey recovered judgment for $6,597.47 for money due and owing, and for breach of a contract for the use of a road grader which he rented to the defendant Nelson Brothers Construction Company to use in a road construction project. Defendant appeals.

On August 12, 1966, the defendant Nelson Brothers let to the plaintiff Casey a subcontract for transportation and spreading of road materials in connection with their road construction project near Hunter's Point, Arizona. The work proceeded for some time and on October 4, 1966, the parties agreed to terminate the subcontract and made a listing of all claims and obligations between them. But under their agreement the lease of the motor grader was to continue until the defendant completed the project. On December 21, 1966, when only about a third of the grader work had been completed, Nelson informed Mr. Casey that he would make no further use of the grader and ordered him to move it off the job; with which order Casey complied.

Upon the basis of the evidence adduced concerning the debits and credits between the parties, which included $1,256 worth of gasoline defendant furnished to the plaintiff, the trial court found that the defendant owed plaintiff $468.47; and further, that because of the breach of the contract in refusing to use the motor grader the defendant had damaged the plaintiff $6,273 for loss of its rental, less $150 which the plaintiff had recouped in his effort to mitigate damages during the time it would have been in use by the defendant.

■ The defendant's attack upon the judgment is that the evidence does not support the finding that it was guilty of the breach of the contract, nor the amount of damages awarded; and particularly so because the plaintiff did not keep the road grader available for use during the remainder of the contract. The answers to the defendant's contentions are found in the so-often repeated rule: that where there is dispute in the evidence we assume that the trial court believed those aspects of the evidence, and drew the inferences which could fairly and reasonably be drawn therefrom, which tend to support the findings and judgment; and that upon our review of the record in that light, if there

is a reasonable basis in the evidence to support them they will not be disturbed.[1]

 In reference to the defendant's argument that Casey should not be allowed recovery for loss of rental of the road grader during the remainder of the project because he did not keep it available for the defendant's use, this is to be said: After Nelson had declared that he would no longer use that piece of equipment, and ordered it off the job, Casey was entitled to take him at his word, and remove it.[2] He was not obliged to park it near the job and keep it idle so that it would be at the beck and call of Nelson in case the latter changed his mind. Under the circumstances shown, it was not only permissible for Casey to do as Nelson told him, and take the grader from the job, but it was his duty to do so and to use reasonable efforts to put it to use and thus mitigate damages.[3] His testimony is that he did so, but was only able to realize $150, for which the trial court properly gave Nelson credit.

The plaintiff on cross-appeal assigns error by the trial court in crediting the defendant Nelson with the $1,256 for gasoline it had purchased and which was used by the plaintiff. Plaintiff's argument is that when it became necessary to haul sand and gravel a greater distance than originally contemplated Nelson had orally agreed to furnish this gasoline. The contentions on cross-appeal fall within and are governed by the rule of review on appeal quoted above as to findings of fact when the evidence is in dispute.

Affirmed. Because there is an appeal and a cross-appeal the parties bear their own costs.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

1. Winger v. Gem State Mutual of Utah, 22 Utah 2d 132, 449 P.2d 982.
2. Haymore v. Levinson, 8 Utah 2d 66, 328 P.2d 307.
3. Morrison v. Perry, 104 Utah 151, 140 P.2d 772.