DeBRY AND HILTON TRAVEL SERVICES, INC., Plaintiffs and Appellants,

v.

CAPITOL INTERNATIONAL AIRWAYS, INC., Defendant and Respondent.

No. 14335.

Supreme Court of Utah.

Oct. 19, 1976.

---

2. Utah Const., Sec. 11, Art. I.

3. Utah Const., Sec. 2, Art. I.

4. U.S.Const. Amends. V and XIV, Sec. I; also Utah Const. Sec. 7, Art. I.

Clark W. Sessions, of Watkiss & Campbell, Salt Lake City, for plaintiffs and appellants.

. Philip R. Fishler, of Strong & Hanni, Salt Lake City, James A. Kohn, of Ginsburg & Kohn, Beverly Hills, for defendant and respondent.

CROCKETT, Justice:

Plaintiffs, DeBry and Hilton, dba DeBry & Hilton Travel Services (herein, DeBry) of Salt Lake City, brought suit alleging that defendant, Capitol International Airways, Inc., (herein, Capitol) breached an agreement to plaintiffs to pay commissions on charter flights. On the basis of the pleadings, documents and a stipulation of

facts, the trial court made findings and entered judgment in favor of the defendant. Plaintiffs appeal, making various contentions, the central one of which is that the evidence compels finding that the defendant became bound to pay the commissions.

Plaintiffs' travel agency sells plane tickets, books hotel reservations, ground tours, and other services as part of packaged vacations; and for groups they charter an entire airplane. Defendant Capitol is a supplemental air carrier, authorized by the Civil Aeronautics Board (herein CAB) to handle such charter flights. The usual arrangement is that the travel agent receives a 5 percent commission for this service. It is not open to question and the findings of the trial court recite that the CAB Regulations apply to both defendant Capitol, as a supplemental air carrier,[1] and to plaintiffs DeBry, as ticket agent,[2] and that they require a written agreement for the payment of commissions to a ticket agent. The CAB Regulation provides:

> Each agreement between a supplemental air carrier and any ticket : . . agent shall be reduced to writing and signed by all the parties thereto, if it relates to any of the following subjects . . . (b) The arranging for flights for the accommodation of persons . . .;[3]

In February of 1973, Prestige Vacations Inc., a newly formed travel agency, asked plaintiffs DeBry to help it arrange charter flights because Prestige felt it needed help in the negotiation stage of such arrangements. DeBry did assist Prestige in arranging a series of charter flights with the defendant Capitol. On a prior series of flights, Prestige had authorized defendant Capitol to pay commissions to plaintiffs, but before such payment occurred, Prestige notified Capitol to "freeze" the commissions because of its claim thereto. That

1. CAB Regulations, 14 C.F.R., Sec. 208.3(b) (1976).

2. Id., Sec. 208.3(g).

3. Id., Sec. 208.31a.

matter was adjusted and is not involved herein.

The controversy in this suit relates to subsequent flights to the Caribbean and to Germany which were arranged and carried out during the winter and spring 1973–74. Due to the misunderstandings and disagreements which had developed between Prestige and the plaintiffs DeBry, no written agreement was executed authorizing Capitol to pay the commissions on these flights to plaintiffs DeBry. Defendant Capitol refused the request of plaintiffs DeBry for the commissions, and they were paid to Prestige. This lawsuit resulted.

Plaintiffs urge that even though they had no written contract they were entitled to the commissions because: (a) the evidence shows that they were the actual procuring agency in booking the flights in question;[4] (b) that in their discussions the parties orally agreed that the defendant should pay plaintiffs the commissions and consequently should be deemed to have waived the requirement of a written agreement, and/or be estopped to assert it;[5] and (c) that despite the tripartite arrangement, defendant Capitol went "behind the back" of plaintiffs and dealt directly with Prestige, which had the effect of preventing the plaintiffs from obtaining the required written contract, which should likewise deprive defendant of that defense.[6] We recognize the soundness of the principles of law advocated by plaintiffs as to the propositions just stated, when they are applied under appropriate circumstances. But the difficulty with the plaintiffs' postion is that the trial court did not find the facts as they contend in order to bring this case within those principles.

One of the main purposes of CAB Regulation 208.31a, quoted above, requiring that a contract of the nature here in question be in writing, is to provide a sound foundation for settling disputes which may arise as to who is entitled to commissions; and a party claiming such commissions has the burden of proving such a written contract, or otherwise satisfying the requirement. In regard to the plaintiffs' attack upon the trial court's refusal to find in their favor, the standard rule of review requires us to survey the evidence and to draw any reasonable inferences therefrom in the light favorable to his findings.[7] Correlated to this, and having specific application here, is the further proposition that where a party (plaintiffs here) has the burden of proof, and the trial court refuses to so believe, we will not upset his determination unless the evidence is such that all reasonable minds would necessarily so find.[8]

We think it is unnecessary to detail the evidence and the contentions of the parties with respect thereto, but it is sufficient to say that they disputed each other as to the understanding between them and the service rendered in obtaining the bookings and making the arrangements for these flights and as to who would receive the commissions. However plausible the plaintiffs' arguments may seem to themselves, the trial court, whose prerogative it is to find the facts, was not so persuaded. In applying the rules above stated, we do not see the evidence as being so clear and

4. Plaintiffs cite and rely on *Frederick May & Co. v. Dunn*, 13 Utah 2d 40, 368 P.2d 266; *Curtis v. Mortensen*, 1 Utah 2d 354, 267 P. 2d 237.

5. *Weather-Guard Industries, Inc. v. Fairfield Savings & Loan Assn.*, 110 Ill.App.2d 13, 248 N.E.2d 794 (1969); *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208, 210 (1952); *Rogers v. Goodwin*, 208 Okl. 110, 253 P.2d 844, 846 (1953).

6. *Concrete Specialties v. H. C. Smith Construction Co.*, 423 F.2d 670 (10th Cir. 1970);

*Fischer v. Johnson*, 525 P.2d 45 (Utah 1974); *Haymore v. Levinson*, 8 Utah 2d 66, 328 P. 2d 307 (1958); Restatement of Contracts Section 295.

7. *American Aggregate Corp. v. Otto Buehner & Co., etc.*, 528 P.2d 147; (Utah) *Memmott v. United States Fuel Co.*, 22 Utah 2d 356, 453 P.2d 155 (1969).

8. *Searle v. Searle*, 522 P.2d 697 (Utah); *First Western Fidelity v. Gibbons and Reed Co.*, 27 Utah 2d 1, 492 P.2d 132 (1971).

preponderant as to compel findings and judgment for plaintiffs.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., MAUGHAN and ELLETT, JJ., and G. HAL TAYLOR, District Judge, concur.